**Nathan Fred MARKS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21987.**

United States Court of Appeals
Ninth Circuit.

March 5, 1968.

Rehearing Denied May 1, 1968.

Bruce Spaulding (argued), of Mautz, Souther, Spaulding, Kinsey & Williamson, Randall S. Jones, Portland, Or., for appellant.

Norman Sepenuk (argued), Asst. U. S. Atty., Sidney Lezak, U. S. Atty., Jack G. Collins, First Asst. U. S. Atty., Portland, Or., for appellee.

Before CHAMBERS, BARNES and HAMLEY, Circuit Judges.

CHAMBERS, Circuit Judge:

Marks has been convicted by a jury for cheating on his 1961 federal income tax return: that is, he "did willfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by him and his wife to the United States."

Taxpayer's return showed nothing due the government. As submitted to the jury, the government contended there was $2,099.81 in net taxable income and a tax due of $419.96.[1]

---

1. Marks was clearly entitled to an additional deduction of $222.38 for medical expenses. Thus, the government should have contended that the net taxable income was $1,877.43 and that the tax was $375.49. This mistake we regard as de minimis.

This was not a net worth case. It was projected on the omission of specific items. And, the items added by the government as income revolve around the following sums:

1. Received from Ford M. Converse .......................$  850.00
2. Received from Rudy Gross and United Finance Co. ......  750.00
3. Received from Glenn Morningstar ....................  755.00
4. Received from Floyd Persons ........................ 4,000.00

———◆———

Thus, if the defendant-appellant can knock out the fourth item, he would owe nothing. If he could knock out any two of items (1) to (3), the deficiency could hardly be called substantial.

■ Around the four foregoing items, the briefs for the most part swirl. Essentially defendant contended the items were loans. And, to some extent the face of the items confirmed the explanation. Certainly, without violating its oath, the jury could have found the defendant not guilty. But the fact that a jury properly could have found defendant innocent does not preclude there being evidence to convict beyond a reasonable doubt.

■ We have carefully examined each of the four transactions and agree that on each of them there was evidence to permit the transaction to go to the jury. The government's theory was two-pronged: The receipts were either compensation for services or money obtained by Marks under false pretenses. Either is taxable.[2] The $4,000 item looks more like false pretenses. The other items could be either compensation or false pretenses.

■ Counsel for appellant do an excellent piece of work in attacking the items, but we simply cannot agree with them that the evidence to convict was not there.

Rather late in the trial, defendant came up with a contention that he was entitled a charitable deduction of $1,680.89 for the contents of a second hand store given to a police sponsored charity. On this item, a deduction, the burden of proof was on Marks. But the testimony was weak. And, the jury could have concluded the things had very little value. (In a motion for new trial, Marks, by affidavits, really does shore up the case for the deduction, but he submitted nothing not easily available at trial time.)

■ A contention is made that there was error in failing to instruct the jury as to the tax rate applicable to the claimed shortage of net taxable income. The expert had given his calculation of omitted income and his calculated amount of tax due. But no one at any time gave the rate which appears to have been a flat 20%. There was no cross-examination as to rate. No one requested any instructions on it. If the failure to give the rate was error, no one called it to the court's attention. If error it be, we cannot call it fundamental error. There might be some error in it if a sharply progressive rate underlay the calculations.

■ A contention is made of failure to prove "corpus delicti" unless admissions of the defendant be used. Of course, the corpus delicti of an intent has to be proved ordinarily by circumstantial evidence. We find sufficient circumstances.

Very skillful counsel succeeded in acquitting defendant on two counts. They brought the shortage of unreported taxable income down to about a sixth of what the government claimed. Their brief, within the limits of proper advocacy, is both ingenious and dogged. We would write more if we thought it would convince them, but we are sure it would not. As it is, we do not feel justified in

2. See 26 U.S.C. § 61; United States v. Rochelle, 5 Cir., 1967, 384 F.2d 748.

penalizing the subscribers to the Federal Reporter with a detailed discussion of the evidence.

The light sentence imposed reflects the trial court's conclusion that a small time wrongdoer, but nonetheless a wrongdoer, was caught and properly convicted.

Affirmed.