Jimmy W. MYERS, Plaintiff,

v.

Larry B. DAVIS et al., etc., Defendants.

No. CIV-4-78-24.

United States District Court,
E. D. Tennessee,
Winchester Division.

Dec. 4, 1978.

Jerre M. Hood, and Robert S. Peters, Winchester, Tenn., for plaintiff.

284[1], quoting from Cordovan Assoc., Inc. v. Dayton Rubber Co., C.A.6th (1961), 290 F.2d 858, 860.

Joe R. Hickerson, and Ben P. Lynch, Winchester, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

█ This is a civil action for money damages for the deprivation of the plaintiff's civil rights, 42 U.S.C. § 1983. 28 U.S.C. § 1343(3). The complaint alleges that, on an isolated occasion, the two individual defendants, as police officers for the city of Cowan, Tennessee and acting under color of Tennessee law, used an excessive and unreasonable amount of force upon him. The plaintiff contends that the defendant municipality " * * * is liable for the said acts of the officers by virtue of Tennessee Code Annotated § 6–640,[1] upon which statute [the] plaintiff relies as [the] basis of the cause of action against the defendant, City of Cowan. * * * " This amounts to an attempt to hold the defendant municipality liable under the doctrine of *respondeat superior*. This cannot be done. *Monell v. New York City Dept. of Soc. Serv.* (1978), 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611, 636[7]; *Jones v. City of Memphis*, C.A. 6th (1978), 586 F.2d 622, 623.

█ Accordingly, as to the defendant the City of Cowan, Tennessee, this action hereby is DISMISSED *sua sponte*[2] for the failure of the plaintiff to state a claim upon which relief can be granted.

---

1. " * * * Whenever * * * any employee member of a * * * police department of a municipal corporation * * * shall be sued for damages arising out of the performance of his official duties and while engaged in the course of his employment by such governmental agency, such governmental agency shall be authorized and required * * * to indemnify him from any judgment rendered against him in such suit; provided, however, that such indemnity shall not extend to any judgment for punitive damages or for damages arising out of any willful wrongdoing by said employee and; provided, further, that such municipal corporation * * * shall have notice of such suit. * * * "

2. " * * * Even if a party does not make a formal motion, the court on its own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim. * * * " 5 Wright & Miller, Federal Practice and Procedure: Civil 593, § 1357.