Peter S. **COLLORAFI**, et al., Plaintiffs,

v.

**UNITED STATES of America,
Defendant.**

**No. CV 83–1034.**

United States District Court,
E.D. New York.

Dec. 2, 1983.

Adrienne L. Flipse, Williston Park, N.Y., for plaintiffs.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., Thomas B. Roberts, Asst. U.S. Atty., Brooklyn, N.Y., James M. Shaker, Tax Div., Washington, D.C. (of counsel), for defendant.

### Memorandum of Decision and Order

MISHLER, District Judge.

Plaintiffs seek a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 that they are not subject to wage withholding by the Internal Revenue Service. The government moves to dismiss primarily on the ground that controversies over federal taxes are expressly excluded from the Declaratory Judgment Act. The Act provides:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal Taxes* ... any court of the United States ... may declare the rights and other legal relations of any interested party...

28 U.S.C. § 2201 (emphasis added)

■ Plaintiffs ignore the underlined phrase which exempts from the act controversies over federal taxes. In addition, the Supreme Court specifically addressed the exemption of federal taxes from the act in *Bob Jones University v. Simon,* 416 U.S. 725, 732 n. 7, 94 S.Ct. 2038, 2045 n. 7, 40 L.Ed.2d 496 (1974). *See also* Wright, *Law of Federal Courts* 672 (4th ed. 1983).

■ We find this action wholly without merit. The complaint is dismissed with prejudice. In addition, for the reasons stated in CV 83–1033 which we also decide today, we award the government reasonable attorney's fees pursuant to 28 U.S.C. § 2412 and 28 U.S.C. § 1927. We again question the competence of plaintiff's attorney in bringing this action. In this case, however, we find that all the plaintiffs were parties to the action and they, and Ms. Flipse, are all jointly and severally liable for the government's reasonable costs, expenses and attorney's fees. We grant the motion by plaintiffs to allow Gerald R. Ladd, Vincent J. Cornell, Ross Tudisco, Palmer B. Rott, Christian Rampin, Robert V. McLaughlin, Roland DuBois, Joseph DeCecca, Joseph Hicks, Thomas Borland, Mark Shurdom, Harold Alleton, David Delaney, Gary Sneath to intervene as additional plaintiffs. These intervenors are also jointly and severally liable for the government's reasonable costs and expenses including attorney's fees pursuant to 28 U.S.C. § 2412 and 28 U.S.C. § 1927. The attorney for the government shall submit an affidavit calculating the costs and expenses including the hours and the hourly rate spent in preparation of this case.

SO ORDERED.

The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiffs together with costs and attorney's fees when determined by the court.