**Phyllis LOVELL and Michael Lovell, Plaintiffs,**

v.

**UNITED STATES of America, Defendants.**

**Nos. 83–C–812–S, 83–C–813–S.**

United States District Court, W.D. Wisconsin.

Feb. 24, 1984.

Phyllis Lovell, pro se.

John R. Byrnes, U.S. Atty., Madison, Wis., by Beth A. Sabbath, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

The Court has previously denied summary judgment in these consolidated cases because the defendant had failed to dispel the notion of the existence of disputed facts relative to the requirements of 26 U.S.C. § 6702. Defendant has filed a new motion for summary judgment which highlights documentary facts that resolve any genuine issues of fact. Accordingly, summary judgment will be granted.

### FACTS

The facts previously set forth in the Court's order of January 30, 1984 are hereby adopted for purposes of this decision. In addition, the Court notes the following:

On line 7 of the Forms 1040 filed by each of the plaintiffs, they claim no income from "wages, salaries, tips, etc." On line 60 of the Form 1040, Michael Lovell claims $863.16 in "total federal income tax withheld;" and Phyllis Lovell claims $762.93 on the same line. They each also claim substantial excess FICA taxes withheld on line

64: Michael, $971.61 and Phyllis, $527.61. No W-2 forms accompanied the returns.

In the letter which accompanied the tax returns of the plaintiffs, they stated:

I have determined that for the years(s) reference above I did not owe any Federal Income Tax, even though I incorrectly (sic) volunteered and computed a tax, signed a form for return of income, and paid.

Therefore, I am asserting my right to a full refund of all the taxes I paid. Whether payment was by withholding, by submission as a quarterly estimate, or by payment accompanying my incorrect return.

As basis in fact for this request, I state that I am a natural individual. I have neither requested, obtained, nor exercised any privilege from an agency of government for the years referenced above.

\* \* \* \* \* \*

Michael Lovell was deposed on February 9, 1984. The following exchange between Lovell and the defendant's counsel occurred:

Q: Okay. Could you tell me why you didn't owe them any money?

A: Because I did not receive any wages.

Q: And what did you receive instead?

A: I received compensation in equal exchange of my labor for a commodity.

\* \* \* \* \* \*

A: All I was given was compensation for my labor.

## MEMORANDUM

In the Court's previous decision, the Court was unable to conclude that the plaintiffs' returns were either insufficient as to the information provided or facially and substantially incorrect. Further, the Court believed that the inference of frivolousness was not so clear as to warrant summary judgment.

The facts cited above resolve these doubts. First, the returns (these documents are "purported returns" within the meaning of § 6702) do contain information on their face which indicates that the self-assessment is substantially incorrect. § 6702(a)(1)(B). Both plaintiffs asserted that they received no income from wages, salaries or tips. Yet both asserted that taxes were withheld from their wages. This second assertion was contained on the line used for reporting withholding from W-2 forms. (See instructions for the Form 1040, line 60 (1982)). The fact that plaintiffs claim that excess FICA taxes were withheld also conclusively shows that they were employed by an employer who withheld taxes and FICA contributions. It is therefore clear, from the face of the return, that income should have been reported on line 7 by each of the Lovells, and such income was not reported.

Furthermore, this conclusion also supports the proposition that the return has insufficient information with which the self-assessment can be judged. The failure to file W-2 forms makes a judgment about the correctness of the return impossible.

The frivolousness of the tax return, the last requirement of § 6702, is evidenced by the inference raised by the statements quoted from the letter which accompanied the returns. They assert the right to a full refund of taxes paid through withholding because they have received nothing from an agency of government. This is not a sufficient reason. The statements in the letter create the inference that the plaintiffs' legal position is based on the proposition that the payment of compensation for services is an equal exchange and not taxable. While the inference isn't overwhelming, it is strong. The Court was willing to give the plaintiffs the benefit of the doubt.

 The inference is, however, substantiated by the statements of Michael Lovell at his deposition. He, in fact, asserts this very legal position. The position is absolutely, undisputably, frivolous. It is well settled, and beyond dispute, that compensation for labor or service is taxable income, and no deduction is allowed for the value of labor expended. *Commissioner v. Kowalski*, 434 U.S. 77, 98 S.Ct. 315, 54 L.Ed.2d

252 (1977); *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483 (1955).

Other contentions of the defendant may have merit also. It is clear, however, that the filings of both of the plaintiffs are purported tax returns, that each return on its face indicates the substantial incorrectness of the self-assessment, and that the legal position on which the plaintiffs depend is frivolous. Accordingly, summary judgment must be granted.

Defendant also requests attorney's fees pursuant to 28 U.S.C. § 1927 or, alternatively, pursuant to 28 U.S.C. § 2412(b). The Court is inclined to grant attorney's fees in this case. The plaintiffs' position has proven to be patently frivolous with respect to the tax returns they filed.

Accordingly,

## ORDER

IT IS ORDERED that defendant's motion for summary judgment is GRANTED. Judgment shall be entered for the defendant with costs and attorney's fees.