**Bruce D. REED, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 83–K–2063.**

United States District Court, D. Colorado.

March 21, 1984.

---

Bruce D. Reed, pro se.

Robert N. Miller, U.S. Atty., Nancy E. Rice, Asst. U.S. Atty., Denver, Colo., Susan Souder, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff Reed seeks a refund of $75 which he paid as a partial penalty for filing a frivolous tax return. The government assessed the penalty pursuant to the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA). The government's position then and now is that Reed filed a 1982 tax return which does not contain information on which the correctness of the self-assessment may be judged and that his conduct is due to a position which is frivolous or due to a desire to delay or impede the administration of federal income tax laws. See 26 U.S.C. § 6702.

Reed asserts that he filed his 1982 return in good faith. Specifically he claims that he declined to supply "some" of the requested information based upon his fifth amendment right against self-incrimina-

tion. He also makes several other constitutional objections.

The government filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. To the motion it attached Reed's 1982 return. The return consists of the front and back of a form 1040. Lines 7–31, 49–51 contain the word "None" or "Object." On the return itself, Reed provided no other information, save for his name, address and social security number. He also attached a 14 page memorandum to his return and requested that it "be considered a part of this return."

The memorandum comprises five pages of citations and quotations germane to the right against self-incrimination, and a statement amplifying Reed's objections to supplying any information to the Service. Reed attached ten exhibits to the memorandum, including a selection from 34 Am. Jur.2d *Federal Taxation;* a miscellany of newspaper cuttings from the late 1960s and early 1970s; two letters, one from 1968 one from 1970, purportedly written to then federal district judges Robert C. Zampano and George S. Register; a copy of a 1973 form 1040 made out by one Victor Petersen similar to that which Reed filed; and finally, a letter apparently addressed to Victor Petersen from the Service advising him that no change is required in the tax reported for the period ending 1973.

Since the government relied upon matters outside the pleadings, I opted to treat the motion as one for summary judgment and gave appropriate notice to the parties of their right to file affidavits and exhibits. The matter is now ripe. I must decide whether Reed's 1982 tax return was in violation of 26 U.S.C. § 6702.

Section 6702 requires me first to determine whether Reed filed a return that did not contain information on which the correctness of the self-assessment may be judged. I answer in the affirmative, since the return contains no information of any sort.

Second, I must decide if Reed's conduct is due to a position which is frivolous or based upon a desire to delay or impede the administration of federal income tax law. Mindful of the fact that the burden of proof remains upon the government in this proceeding, 26 U.S.C. § 6703, I conclude that Reed's conduct both in filing the return and pursuing this refund action is due to a position which is frivolous. It is also my deepest suspicion that Reed's conduct is also based upon his desire to impede the machinery of federal income tax law. I am not convinced, however, that the government has produced enough evidence on this point upon which to grant summary judgment.

Reed in his return and in this action claims the protection of the fifth amendment. However, as numerous courts have pointed out, that protection is only available where

the claim of privilege [is] based upon a real possibility that submitting answers will subject the taxpayer to criminal prosecution.

*United States v. Irwin,* 561 F.2d 198, 201 (10th Cir.1977). More recently the Tenth Circuit has said:

The Fifth Amendment does not serve as a defense for failing to file any tax return, and a return containing no information but a general objection based on the Fifth Amendment does not constitute a return as required under the Code.

\*　　\*　　\*　　\*　　\*　　\*

Such a general objection under the Fifth Amendment as defendants asserted on their returns is not a valid claim of the constitutional privilege which must be made to specific items of information.

*United States v. Stillhammer,* 706 F.2d 1072, 1076 (10th Cir.1983) [citations omitted]. Reed has made no effort to disclose any facts which would make out a plausible claim for the privilege. "In such a case where the circumstances appear innocuous, an assertion of privilege must be overruled unless the party makes a 'positive disclosure' indicating where the danger lurks." *Milazzo v. United States,* 578 F.Supp. 248

(S.D.Cal.1984), quoting *McCoy v. Commissioner,* 696 F.2d 1234, 1236 (9th Cir.1983). See also *United States v. Verkuilen,* 690 F.2d 648, 654 (7th Cir.1982).

Reed also advances several arguments based upon the first and eighth amendments, the due process clause of the fifth amendment, the origination clause of the United States Constitution, and the doctrine of separation of powers. These arguments are as unpersuasive as that based upon the right against self-incrimination. Courts around the country have unanimously rejected them without hesitation.

Without repeating those analyses, I adopt those set out in: *Stamp v. Commissioner,* 579 F.Supp. 168 (N.D.Ill.1984); *Kloes v. United States,* 578 F.Supp. 270 (W.D.Wis.1984); *Milazzo v. United States,* 578 F.Supp. 248 (S.D.Cal.1984); *Tibbetts v. Secretary of the Treasury,* 577 F.Supp. 911 (W.D.N.C.1984); *Googe v. Secretary of the Treasury,* 577 F.Supp. 758 (E.D.Tenn.1983); *Bearden v. C.I.R.,* 575 F.Supp. 1459 (D.Ut. 1983); *Nichols v. United States,* 575 F.Supp. 320 (D.Minn.1983).

Summary judgment is a drastic measure which should only be granted where there are no issues of material fact outstanding. In the instant case there are none. The government has met its burden of proving that Reed filed a tax return which did not contain information upon which the correctness of the self-assessment could be judged, and that Reed's conduct throughout has been due to a position which is frivolous and lacking any reasonable basis in law or fact. The government's motion to dismiss or for summary judgment is therefore granted and judgment shall enter in accordance with this opinion.

The government also seeks an award of attorney's fees against Reed, claiming that this action was clearly frivolous, vexatious, and obstructive in purpose. I agree. Such awards have been made in similar cases. *Lovell v. United States,* 579 F.Supp. 1047 (W.D.Wisc. Feb. 24, 1984); *Tibbetts v. Secretary of Treasury, supra.* See also, *Ryan v. Hatfield,* 578 F.2d 275, 277 (10th

Cir.1978). Any documentation the government would have me consider in this regard shall be filed within ten days of the date of this order. Plaintiff shall have ten days after receipt of the government's submission within which to make his objections to the award of fees known to the court.