**John B. HILL, Jr., Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. A. No. 3:84–0722.**

United States District Court, M.D. Tennessee, Nashville Division.

Nov. 13, 1984.

John B. Hill, Jr., pro se.

Gregory L. Nelson, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

### MEMORANDA OPINIONS AND ORDERS

NEESE, Senior District Judge, Sitting by Designation.

■ This is a *pro se* civil action by him for the judicial review of an assessment by

the Internal Revenue Service (IRS) of a civil penalty against the plaintiff and his spouse for filing a "frivolous" tax return. 28 U.S.C. §§ 1340, 1346(a); 26 U.S.C. §§ 6703(c), 7422(a). The defendants[1] moved for a summary judgment, contending that, as a matter of law, such assessment was proper. Rule 56(b), F.R.Civ.P. Such motion has merit.

### I.

The material facts are not in genuine dispute, *see* Rule 56(c), F.R.Civ.P.: The plaintiff Mr. John B. Hill, Jr. and his wife Deborah[2] filed with the IRS an "Amended U.S. Individual Income Tax Return" (Form 1040X) on which they sought to reduce their federal income-tax liability for the calendar year 1980 by decreasing substantially the amount they had reported as taxable-income on their original return for that year.[3] In support of their amended return and claim for a refund, Mr. and Mrs. Hill resurrected the long-defunct argument that wages (that is, monetary compensation received in return for personal services rendered) did not constitute "income" and therefore were not subject to the federal income tax.[4]

Not surprisingly, the IRS disagreed with the view of Mr. and Mrs. Hill that their wages were not taxable; it disallowed their claimed refund and assessed them in addition with a civil-penalty in the amount of $500 for filing a "frivolous" tax-return. *See* 26 U.S.C. § 6702. The required 15% thereof was paid by the taxpayers, and Mr. Hill commenced this action to abate the assessment and recover the amount paid. 26 U.S.C. § 6703(c).

Undoubtedly, Mr. and Mrs. Hill received some rather poor tax-advice;[5] for, if anything in our tax law is clear, it is that: " * * * WAGES ARE INCOME. * * *" *United States v. Koliboski,*[6] 732 F.2d 1328, 1329, n. 1 (7th Cir.1984). The Supreme Court of the United States upheld in 1926 the application of the federal income tax to " * * * items of income [which] were received by the taxpayers as compensation for their services as consulting engineers * * *," *Metcalf & Eddy v. Mitchell,* 269

---

1. The Commissioner of Internal Revenue is not a proper defendant herein. 26 U.S.C. § 7422(f). Accordingly, as to such defendant, this action hereby is DISMISSED *sua sponte* for the failure of the plaintiff to state a claim upon which relief could be granted. *Myers v. Davis,* 467 F.Supp. 8, 9, n. 2[2] (D.C.Tenn.1978).

2. Mrs. Hill is not a party to this action.

3. Specifically, Mr. and Mrs. Hill sought to reduce their taxable-income from $18,646 to "0" and their corresponding tax-liability from $2,186 to "0".

4. The Sixteenth Amendment to our Constitution, which was ratified on February 3, 1913, empowered the Congress " * * * to lay and collect taxes on incomes, from whatever source derived, * * *" without the necessity of apportioning such taxes among the states according to census or enumeration of population. Many years ago, the Supreme Court defined "income", as that term is used in the Sixteenth Amendment, " * * * 'as the gain derived from capital, from labor, or from both combined' * * *." *Eisner v. Macomber,* 252 U.S. 189, 207, 40 S.Ct. 189, 193[6], 64 L.Ed. 521 (1920).
   Seizing upon this definition, the anti-tax forces argue: " * * * Wages cannot be taxed because the wage earner enjoys no gain from that source. Since the wage earner exchanges his labor and personal time for its equivalent in money, he derives no gain and therefore cannot be taxed." *United States v. Buras, infra,* 633 F.2d at 1361. Stated in slightly different language: "They argue that compensation for labor is not constitutionally subject to the federal income tax, that an individual's labor is capital in which he or she possesses a property right, that an individual has the right to exchange that property for other property, i.e. money, and that such a transaction is an equal exchange which does not give rise to any profit." *Funk v. C.I.R., infra,* 687 F.2d at 265.

5. The new generation of those who assert the wages-are-not-income theory " * * * seem[s] to have been inspired by various tax protesting groups across the land who postulate weird and illogical theories of tax avoidance, all to the detriment of the common weal of themselves." *United States v. Romero, infra,* 640 F.2d at 1016. " * * * In our system of government, one is free to speak out in open opposition to the provisions of the tax laws, but such opposition does not relieve a citizen of his [or her] obligation to pay taxes." *Id.,* 640 F.2d at 1017.

6. Mr. Koliboski's bullheaded insistence that his wages were not taxable-income resulted in his conviction by a jury of his peers on 5 federal-criminal charges. *Id.,* 732 F.2d at 1329.

U.S. 514, 519, 46 S.Ct. 172, 173, 70 L.Ed. 384 (1926), and no Court of the land has ever held or suggested that the Congress could not tax constitutionally wages as income. The Court of Appeals for this Circuit (with a retired Associate Justice of the United States Supreme Court participating) rejected flatly this argument only a few days ago and, in so doing, assessed sanctions for taking a "frivolous appeal" against a taxpayer who contended differently in his suit for a refund. *Perkins v. Commissioner of Internal Revenue Service,* 746 F.2d 1187, 1188 (6th Cir.1984).

■ "* * * Compensation for labor or services, paid in the form of wages or salary, has been universally held by the courts of this republic to be income, subject to the income tax laws currently applicable. * * *" *United States v. Romero,* 640 F.2d 1014, 1016 (9th Cir.1981). On this point, the courts are in unanimous agreement, and any contention to the contrary is patently frivolous. *Davis v. United States Government,* 742 F.2d 171, 172 (5th Cir. 1984); *Funk v. C.I.R.,* 687 F.2d 264, 265[1, 2] (8th Cir.1982) (contrary contention "is clearly frivolous"); *United States v. Moore,* 692 F.2d 95, 97[4] (10th Cir.1979); *United States v. Lawson,* 670 F.2d 923, 925[1] (10th Cir.1982) (contrary contention "is specious"); *Lonsdale v. C.I.R.,* 661 F.2d 71, 72[2] (5th Cir.1981) (contrary contentions "are stale ones, long settled against them. As such, they are frivolous."); *United States v. Buras,* 633 F.2d 1356, 1361[11], [12] (9th Cir.1980); *Broughton v. United States,* 632 F.2d 706, 707[2] (8th Cir.1980), *cert. den.,* 450 U.S. 930, 101 S.Ct. 1390, 67 L.Ed.2d 363 (1981) (contrary contention "is frivolous and totally devoid of merit"); *Hayward v. Day,* 619 F.2d 716, 717 (8th Cir.1980), *cert. den.,* 446 U.S. 969,

100 S.Ct. 2951, 64 L.Ed.2d 830 (1980) (contrary claims are frivolous); *United States v. Francisco,* 614 F.2d 617, 619[9] (8th Cir. 1980), *cert. den.,* 446 U.S. 922, 100 S.Ct. 1861, 64 L.Ed.2d 278 (1980); *Adams v. United States,* 585 F.2d 1060, 1063[2], 288 Ct.Cl. 322 (1978); *United States v. Russell,* 585 F.2d 368, 370[5] (8th Cir.1978); *Wilson v. United States,* 412 F.2d 694, 695[1] (1st Cir.1969); *Marks v. United States,* 391 F.2d 210, 211[3] (9th Cir.1968), *cert. den.,* 393 U.S. 839, 89 S.Ct. 116, 21 L.Ed.2d 109 (1968); *C.I.R. v. Daehler,* 281 F.2d 823, 825[2] (5th Cir.1960); *see Lucas v. Earl,* 281 U.S. 111, 114, 50 S.Ct. 241, 74 L.Ed. 731 (1930) ("There is no doubt that the statute could tax salaries to those who earned them * * *."); *Stratton's Independence, Ltd. v. Howbert,* 231 U.S. 399, 415, 34 S.Ct. 136, 140–141, 58 L.Ed. 285 (1913) ("the earnings of the human brain and hand when unaided by capital * * * are commonly dealt with in legislation as income.").

II.

■ In 1982, the Congress amended the Internal Revenue Code to provide that an individual shall pay a civil-penalty of $500 if he or she files "what purports to be" a tax-return which (1) contains information that on its face indicates that the self-assessment of tax due is substantially incorrect, and (2) is based on a position which is frivolous. 26 U.S.C. § 6702(a)(1)(B), (2)(B).[7] Whether a document filed with the IRS falls within the scope of this statute is a question of law for the Court to decide. *Holker v. United States,* 737 F.2d 751, 752 (8th Cir.1984). This Court concludes, as a matter of law, that the amended tax-return, filed by Mr. and Mrs. Hill for the calendar-

7. "* * * If—
(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—
(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—
(A) a position which is frivolous, or
(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,
then such individual shall pay a penalty of $500. * * *" 26 U.S.C. § 6702(a).

year 1980, was a frivolous return within the purview of § 6702(a), *supra.*

█ The document filed by the Hills purported clearly to a tax-return and, specifically, purported to be an "Amended U.S. Individual Income Tax Return" (Form 1040X).[8] Additionally, their amended return (together with the documents submitted therewith) contained information which, on its face, indicated that their self-assessment of tax-due was substantially incorrect, in that it reflected they had earned wages of $18,646 but had asserted no tax was owed thereon. *Davis v. United States Government, supra.* Lastly, the amended return was based on a position—that wages were not taxable-income—which was frivolous, as the many cases cited, *supra,* have held.

The Secretary of the Treasury met his burden of demonstrating that the plaintiff is liable for the penalty assessed under § 6702, *supra.* *See* 26 U.S.C. § 6703(a). The motion of the defendant for a summary judgment hereby is

GRANTED, and judgment will enter that the plaintiff hereby is

DENIED all relief herein.[9]

### III.

█ The defendant moved the Court also to award it a reasonable attorney's fee under the provisions of 28 U.S.C. § 1927.[10] That statute, however, " * * * permits assessing fees against lawyers, not litigants * * *." *Knorr Brake Corp. v. Harbil, Inc.,* 556 F.Supp. 484, 486[1], n. 3 (D.C.Ill. 1983), *rev'd.* (on other grounds) 738 F.2d 223 (7th Cir.1984); *accord: Chicago Regional Port Dist. v. Ferroslag, Inc.,* 531 F.Supp. 401, 402 n. 3 (D.C.Ill.1982); *see United States v. Ross,* 535 F.2d 346, 349 (6th Cir.1976) ("the statute employs the unusual approach of requiring an attorney personally to pay costs instead of the customary one of placing the responsibility for them upon a litigant"). Since the plaintiff is not represented by a lawyer herein, § 1927 simply has no application.

The motion of the defendant for an attorney's fee under 28 U.S.C. § 1927 hereby is

DENIED.

█ Although attorney's-fees are not being awarded herein, litigants who continue to assert that wages are not taxable-income are forewarned that, in future cases of this nature (including those pending), the United States may well be entitled to recover its attorney's-fees. Even where such fees are not authorized by statute, " * * * it is unquestioned that a federal court may award counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons'. * * *" *Hall v. Cole,* 412 U.S. 1, 5, 93 S.Ct. 1943, 1946[3], 36 L.Ed.2d 702 (1973).

█ This Court has now ruled that wages and salaries are taxable-income; that any contention to the contrary is patently frivolous; that any document which purports to be a federal income-tax return (or an amended return) and which attempts to reduce one's tax-liability by excluding wages or salaries from taxable-income, on the ground that they do not constitute taxable-income, is frivolous within the meaning of 26 U.S.C. § 6702(a); and that, where one has filed such a document with the IRS, the assessment of the $500 civil-penalty mandated by § 6702(a), *supra,* is proper. Under these circumstances, it is highly unlikely that any similar lawsuit could be maintained in anything other than bad-faith. *See United States v. Koliboski, su-*

---

8. The plaintiff's argument, that what he and his wife filed did not constitute a tax return, is irrelevant; the statute is concerned with any document that "purports" to be a tax-return regardless of whether it actually amounts to a tax-return.

9. The clerk will prepare, sign, and enter such judgment. Rule 58(1), F.R.Civ.P.

10. "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

123

*pra* ("Any reading of tax cases by would-be tax protesters now should preclude a claim of good-faith belief that wages—or salaries—are not taxable.")

■ The Court of Appeals for this Circuit has warned litigants that, in future cases which assert the frivolous claim that wages are not taxable-income, it will not hesitate to award attorneys' fees to the United States, *Perkins v. Commissioner of Internal Revenue, supra,* 746 F.2d at 1188, and this Court now sounds a similar warning. When our government is forced to expend the dollars of those who pay their taxes, to defend itself against the meritless lawsuits of those who seek to avoid paying their taxes through the assertion of wholly frivolous positions, reimbursement by those who have put their fellow citizens to such an unwarranted expense is entirely warranted.