**Billy V. VANN, Plaintiff,**

**v.**

**UNITED STATES of America, et al., Defendants.**

**Civ. A. No. 3:84–1094.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Jan. 28, 1985.

On Attorney's Fee March 1, 1985.

Billy V. Vann, pro se.

Greg Nelson, Atty. Tax Div., Washington, D.C., for defendants.

## MEMORANDA OPINIONS, FINDING AND ORDERS

NEESE, Senior District Judge, Sitting by Designation and Assignment.

■ This is yet another *pro se* civil action challenging the assessment by the Internal Revenue Service (IRS) of a $500 civil-penalty against the plaintiff for filing a "frivolous" tax-return.[1] 28 U.S.C. §§ 1340, 1346(a); 26 U.S.C. §§ 6703(c), 7422(a). The event which triggered such action on the part of the IRS was the filing by the plaintiff of an "Amended U.S. Individual Income Tax Return" (Form 1040X) on which he sought to reduce his federal income-tax liability for the calendar year 1980 by decreasing substantially the amount he had reported as taxable-income on his original return for that year; in support of his amended-return and claim for a refund, the plaintiff resurrected the long-defunct argument that wages (or salary) (that is, monetary compensation received in return for personal services rendered) did not constitute "income" and, therefore, were not subject to the federal income-tax.

■ This Court has ruled that wages and salary are taxable-income; that any contention to the contrary is patently frivolous; that any document which purports to be a federal income-tax return (or an

---

**1.** The Internal Revenue Service is not a proper defendant herein. 26 U.S.C. § 7422(f). Accordingly, this action against it hereby is DISMISSED *sua sponte* for the failure of the plain-

tiff to state against it a claim upon which relief can be granted. *Myers v. Davis,* 467 F.Supp. 8, 9 n. 2[2] (D.C.Tenn.1978).

amended-return) and which attempts to reduce one's tax-liability by excluding wages or salary from taxable-income, on the ground that they do not constitute taxable-income, is frivolous within the meaning of 26 U.S.C. § 6702(a); and that where one has filed such a document with the IRS, the assessment of the $500 civil-penalty mandated by § 6702(a), *supra*, is proper. *John B. Hill, Jr.*, plaintiff, *v. United States of America, et al.*, defendants, civil action no. 3:84–0722, memoranda opinions and orders of November 13, 1984, 599 F.Supp. 118. The Court also forewarned other litigants, who might persist in claiming that wages or salary are not taxable-income, that they risk being assessed with a reasonable attorney's fee in favor of the United States because " * * * it is highly unlikely that any similar lawsuit could be maintained in anything other than bad-faith." *Ib.*, at 122.

For the reasons set forth in *John B. Hill, Jr.*, plaintiff, *v. United States of America, et al.*, defendants, *supra*, the Court concludes that the plaintiff herein has failed to state a claim upon which relief can be granted. Accordingly, the motion of the defendant for a dismissal of this action, Rule 12(b)(6), F.R.Civ.P., hereby is

GRANTED, and this action hereby is

DISMISSED for the failure of the plaintiff to state a claim upon which relief can be granted.

Additionally, the Court FINDS that this action was frivolous and was maintained by the plaintiff in bad-faith. Thus, the United States is entitled to recover, as a part of its costs herein, a reasonable attorney's fee and related expenses under 28 U.S.C. § 2412(a)[2] and the bad-faith exception to the American rule generally denying such recovery in the absence of a contractual or statutory provision therefor. *See Reed v. United States*, 581 F.Supp. 718, 720–21 (D.C.Col.1984); *Lovell v. United States*, 579 F.Supp. 1047, 1049 (D.C.Wis.1984); *Tib-*

*betts v. Secretary of the Treasury*, 577 F.Supp. 911, 915[6] (D.C.N.C.1984); *Collorafi v. United States*, 579 F.Supp. 506, 507[2] (D.C.N.Y.1983); *cf. Perkins v. Commissioner of Internal Revenue*, 746 F.2d 1187, 1188[4] (6th Cir.1984).

Counsel for the defendant will file forthwith his declaration under penalty of perjury, *see* 28 U.S.C. § 1746, itemizing the number of hours he expended in representing his client in this proceeding, the approximate hourly-rate at which the United States has compensated (or will compensate) him for such representation, and any expenses incurred in such representation. The plaintiff will be allowed 5 days after such filing in which to submit any desired response. Entry of a final judgment will await the Court's determination of the amount of allowable attorney's fee.

### ON ATTORNEY'S FEE

The Court hereby FINDS that $132.90 constitutes a reasonable attorney's fee and related expenses incurred by the United States of America in its defense of this action. Accordingly, judgment will be entered by the clerk, dismissing this action for the failure of the plaintiff to state a claim upon which relief can be granted herein and awarding the defendant its costs of action, including $132.90 in reasonable attorney's fees and related expenses. Rule 58(1), F.R.Civ.P.

---

**2.** "Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. * * *" 28 U.S.C. § 2412(b).