**Steven R. WARDELL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 84–5133.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 27, 1985.

Decided March 15, 1985.

**204**

Steven R. Wardell, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., and Michael L. Paup, Tax Div., Washington, D.C., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

The Commissioner of Internal Revenue assessed a tax penalty against Steven R. Wardell for filing a frivolous tax return for 1982. Wardell paid a statutory percentage of the penalty, then filed suit, pro se, against the United States seeking a refund. The District Court[1] granted the defendant's motion to dismiss, and Wardell appeals. We affirm.

Wardell filed a Form 1040 for tax year 1982, along with a Form W-2, a Schedule C (profit or loss from business or profession), and a cover letter. The Form W-2 showed that he had received $27,657.61 as wages or other compensation. The word "INCORRECT" was written on Wardell's Form W-2. On the Schedule C he reported that he had a net loss to his "business" of $1,451.19. On his Schedule C he reported that his business activity was contractor and that his gross receipts or sales from

the business was $27,657.61. He reported $27,657.61 as "cost of goods sold and/or operations," and also as "cost of labor." He claimed deductions for car and truck expenses, insurance, and education.

On line 7 of his Form 1040 he reported "NONE" as "wages, salaries, tips, etc." He then reported a negative taxable income, claimed he owed no federal income tax, and claimed a refund of $6,356.69 in income tax and $1,853.10 in FICA (Social Security) withheld from his wages by his employer. He did not sign the form. He wrote "Not a Tax Return. See attached letter." on the signature line. The letter stated that taxpayer requested a refund of all taxes withheld from his wages because he was a "natural individual and unfranchised [sic] freeman" who "neither requested, received, or [sic] exercised any privilege from any government agency during the year of 1982."

The Commissioner assessed a frivolous-return penalty of $500 against Wardell because the return did not contain information on which the substantial correctness of the self-assessment could be judged, and because Wardell's conduct was a result of a frivolous position or a desire to delay or impede the administration of the tax laws. See 26 U.S.C.A. § 6702(a) (Supp.1984). Wardell paid fifteen per cent. (15%) of the penalty ($75) and filed a claim for a refund. See 26 U.S.C.A. § 6703(c) (Supp.1984). The request for a refund was denied. Wardell filed this suit requesting that the District Court award him a refund and declare the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97-248, 96 Stat. 324 (1982), the Act authorizing the penalty, 96 Stat. 617 (to be codified at 26 U.S.C. 6702), unconstitutional because it was enacted in violation of the Origination Clause.

Courts around the country have been faced with this question of TEFRA's constitutionality. Relying primarily on *Flint v. Stone Tracy Co.*, 220 U.S. 107, 143, 31 S.Ct. 342, 345, 55 L.Ed. 389 (1911), they have all uniformly held the Act constitu-

1. The Hon. Donald D. Alsop, United States District Judge for the District of Minnesota.

tional. See, *e.g.*, *Heitman v. United States*, 753 F.2d 33 (6th Cir.1984) (per curiam); *Rowe v. United States*, 583 F.Supp. 1516, 1519 (D.Del.), *aff'd mem.*, 749 F.2d 27 (3d Cir.1984); *Reed v. United States*, 581 F.Supp. 718, 720 (D.Col.1984). We agree with these other courts. Wardell argues that TEFRA violates the Origination Clause, which requires that all revenue-raising bills originate in the House of Representatives. The bill that became TEFRA originated in the House as H.R. 4961. The Senate kept the number and the enacting clause, but adopted an amendment completely replacing the rest of the bill.[2] Taxpayer argues that the House bill reduced revenue and the Senate version increased revenue. Therefore, the "revenue-raising" aspect of the bill originated in the Senate.

We cannot agree that "revenue-raising" means only bills that increase taxes. "Although the bill was dramatically altered by amendment in the upper house of Congress, it remained a revenue bill, regardless whether it raised taxes or lowered them." *Milazzo v. United States*, 578 F.Supp. 248, 252 (S.D.Cal.1984). In *Flint v. Stone Tracy Co.*, *supra*, the Senate replaced a House inheritance-tax provision in a general bill for the collection of revenue with a corporate tax. The Supreme Court held that "[t]he amendment was germane to the subject-matter of the bill and not beyond the power of the Senate to propose." 220 U.S. at 143. Similarly, the Senate amendments to H.R. 4961 were germane to the subject matter, revenue collection, and within the Senate's power to propose. We hold, therefore, that TEFRA is constitutional. The judgment of the District Court is affirmed.

---

**2.** The legislative history of TEFRA is detailed in *Moore v. United States House of Representatives*, 733 F.2d 946, 948–49 (D.C.Cir.1984), *cert. de-*nied, —— U.S. ——, 105 S.Ct. 779, 83 L.Ed.2d 775 (1985).