T.C. Memo. 2009-258

UNITED STATES TAX COURT

WILLIAM R. GRANGER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4195-08L.                    Filed November 10, 2009.

William R. Granger, pro se.

<u>Aaron D. Gregory</u>, for respondent.

MEMORANDUM OPINION

PARIS, <u>Judge</u>:  On January 15, 2008, respondent mailed to
petitioner a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330[1] (notice of
determination) for tax years 2002 and 2003.  In response to that

_____

   [1]Section references are to the Internal Revenue Code of
1986, as amended.

notice and pursuant to section 6330(d), petitioner timely petitioned this Court for review of respondent's determination that petitioner was not entitled to a face-to-face collection due process (CDP) hearing.

The issue for decision is whether the Appeals Office abused its discretion in failing to grant petitioner a face-to-face CDP hearing.

Background

On October 26, 2005, respondent mailed to petitioner a notice of deficiency setting forth respondent's determination of petitioner's income tax deficiency for tax year 2003. Petitioner failed to petition the Tax Court with respect to the determined deficiency within the 90-day period prescribed under section 6213. As such, respondent assessed the tax liability on April 24, 2006. Respondent also assessed a section 6702 civil penalty against petitioner for tax year 2002 on December 12, 2005.

On April 28, 2007, respondent sent to petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing advising petitioner that respondent intended to levy on petitioner's assets to collect the unpaid liability for tax year 2003 along with the section 6702 penalty for tax year 2002. The notice also advised that petitioner could request a hearing with respondent's Office of Appeals. On May 24, 2007, petitioner timely submitted

a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which he requested a face-to-face CDP hearing.

Respondent sent petitioner a letter dated June 23, 2007, acknowledging respondent's receipt of petitioner's request for a CDP hearing. In addition, respondent's Office of Appeals sent two letters to petitioner, each dated July 23, 2007, acknowledging that Appeals had received the CDP case regarding each tax year's liability for consideration.

On September 24, 2007, Settlement Officer Minnie Banks (Settlement Officer Banks) sent petitioner a letter notifying him that she had scheduled a telephone conference for October 23, 2007, to allow petitioner to discuss with her any relevant challenges to the proposed levy action. This letter, in part, also explained to petitioner that he was not entitled to a face-to-face CDP hearing because he was not in income tax return filing compliance for tax year 2004. As such, the letter requested that petitioner provide Settlement Officer Banks with a signed tax return for 2004 along with a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, on or before October 16, 2007. The letter further explained that collection alternatives could not be considered without all requested information.

Petitioner sent Settlement Officer Banks a letter dated October 12, 2007, along with attachments including a signed copy

of a Form 1040, U.S. Individual Income Tax Return, for tax year 2004.  However, the letter did not include a completed Form 433-A.  During tax year 2004 petitioner worked for an entity known as Titan Corporation.  Although reflecting income tax withholdings of $6,392.48, the signed copy of the 2004 Form 1040 reported zero wages earned and zero adjusted gross income.

On October 23, 2007, Settlement Officer Banks sent petitioner a letter indicating that petitioner had failed to call her at the scheduled time for the telephone CDP hearing as requested in her prior letter.[2]  This letter also explained that the previously requested Form 433-A financial information was not provided and that petitioner should provide any and all financial information to Settlement Officer Banks for consideration on or before November 6, 2007.

On November 1, 2007, petitioner sent Settlement Officer Banks a fax transmission where he, in part, "[restated] his demand for a face-to-face hearing."  On December 9, 2007, petitioner sent Settlement Officer Banks two separate fax transmissions with attached documents including both a copy of the letter he previously sent on November 1, 2007, along with the signed Form 1040 for 2004 he previously provided.  Petitioner never provided the Form 433-A.

---

[2]Settlement Officer Banks further noted that petitioner had not called to indicate that the CDP hearing conference was scheduled at an inconvenient date or time.

On January 15, 2008, respondent's Office of Appeals issued to petitioner a notice of determination notifying petitioner that the proposed levy action was sustained. On February 19, 2008, petitioner, then residing in the Commonwealth of Virginia, filed his petition with this Court.

## Discussion

### Jurisdiction To Review Frivolous Return Penalties

The Pension Protection Act of 2006 (PPA), Pub. L. 109-280, sec. 855(a), 120 Stat. 1019, amended section 6330(d)(1), which provides the Tax Court's jurisdiction to review notices of determination issued pursuant to section 6330, and gave the Tax Court jurisdiction to review notices of determination issued under section 6330 where the underlying tax liability consists of section 6702 frivolous return penalties.[3] Previously this jurisdiction lay exclusively with the U.S. District Courts. See, e.g., Johnson v. Commissioner, 117 T.C. 204, 208 (2001). The PPA is effective for all determinations made after October 16, 2006. PPA sec. 855, 120 Stat. 1019. Even though a civil penalty for tax year 2002 was first assessed on December 12, 2005, respondent's Office of Appeals issued to petitioner a final notice of determination that included the penalty on January 15,

---

[3]The sec. 6702 frivolous return penalty is assessed without a notice of deficiency first being sent to the taxpayer, thus generally depriving this Court of jurisdiction over the penalty. Sec. 6703(b).

2008; thus, this Court has jurisdiction to review respondent's determination on the section 6702 penalty.

Collection Due Process Hearings

Under section 6331(a), if a person liable for a tax fails to pay it within 10 days after notice and demand, it is lawful for the Secretary to "collect such tax * * * by levy upon all property and rights to property * * * belonging to such person". A taxpayer may appeal the filing of a notice of tax levy to the Internal Revenue Service under section 6330 by requesting an administrative hearing. The taxpayer is additionally afforded the opportunity for judicial review of a determination sustaining the notice of intent to levy in the Tax Court pursuant to section 6330(d). Petitioner seeks judicial review of respondent's determination.

Petitioner never raised any issue regarding his underlying tax liability during the Appeals process either for his 2002 or 2003 tax years, nor was there any evidence that petitioner questioned the civil penalty assessed under section 6702 for tax year 2002; thus, the Court may only review the determination to see whether there has been an abuse of discretion by respondent's Appeals Office in the determination.[4]  See Lunsford v.

---

[4]Under sec. 6330(c)(2)(B), a taxpayer may raise challenges to the existence or amount of the underlying tax liability only if the taxpayer did not receive any statutory notice of deficiency for the tax liability, or did not otherwise have an
(continued...)

<u>Commissioner</u>, 117 T.C. 183, 185 (2001) (citing <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120 (2001)). The Court has described the standard by which respondent's determinations are reviewed as an "abuse of discretion", meaning "arbitrary, capricious, clearly unlawful, or without sound basis in fact or law." <u>Ewing v. Commissioner</u>, 122 T.C. 32, 39 (2004), revd. on other grounds 439 F.3d 1009 (9th Cir. 2006); see also <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

Petitioner contends that respondent erred in refusing to grant him a "face-to-face" CDP hearing. However, under section 301.6330-1(d)(2), A-D6, Proced. & Admin. Regs., CDP hearings are "informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting. A CDP hearing may, but is not required to, consist of a face-to-face meeting". Courts that have considered the issue have found that a taxpayer does not have a right to a face-to-face hearing. See <u>O'Meara v. Waters</u>, 464 F. Supp. 2d 474, 479-480 (D. Md. 2006) (holding that taxpayer had received due process because he was given the opportunity to participate in a telephone conference in which he discussed the substance of his case with an Appeals officer); <u>Turner v. United</u>

---

[4](...continued)
opportunity to dispute the tax liability. Petitioner did not challenge the existence or amount of either his 2002 or 2003 tax liabilities; therefore, the Court may only analyze whether the Appeals officer abused his discretion.

States, 372 F. Supp. 2d 1053, 1058 (S.D. Ohio 2005) (holding that the Appeals Office did not violate the taxpayer's right to a fair hearing when it declined the taxpayer's request for a face-to-face hearing because it offered him a telephone conference or the opportunity to submit his arguments in writing).

Furthermore, respondent's Appeals Office adequately explained to petitioner that his request for a face-to-face hearing was denied as a result of his not being in compliance with his 2004 income tax return filing requirements.  Section 301.6330-1(d)(2), A-D8, Proced. & Admin. Regs., states that

> a face-to-face CDP conference concerning a collection alternative * * * will not be granted unless other taxpayers would be eligible for the alternative in similar circumstances. For example, because the IRS does not consider offers to compromise from taxpayers who have not filed required returns * * * no face-to-face conference will be granted to a taxpayer who wishes to make an offer to compromise but has not fulfilled [this obligation].* * *

Despite showing employment by an entity known as Titan Corp. and Federal withholdings of $6,392.48, petitioner's 2004 tax return reported zero wages and zero adjusted gross income.  It is settled law that "any document which purports to be a federal income-tax return * * * and which attempts to reduce one's tax-liability by excluding wages or salary from taxable-income * * * is frivolous within the meaning of * * * [section] 6702(a)".  Beckelhimer v. United States, 623 F. Supp. 115, 116 (M.D. Tenn. 1985); see also Cabirac v. Commissioner, 120 T.C. 163, 169 (2003) (noting that "The majority of courts, including this Court, have

held that, generally, a return that contains only zeros is not a valid return").

Using the aforementioned standard of review, this Court does not find that respondent's Appeals Office abused its discretion. Respondent fully complied with the requirements of section 6330 by offering petitioner a telephone CDP hearing. Furthermore, petitioner failed to produce the requested documents necessary for respondent to consider collection alternatives in a face-to-face CDP hearing.

## Conclusion

Based on the record, the Court holds that the Appeals Office did not abuse its discretion in determining that petitioner was not entitled to a face-to-face CDP hearing.

Finally, in reaching the conclusions described herein, the Court has considered all arguments made, and to the extent not mentioned above, concludes they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.