**UNITED STATES of America,
Appellant,**

v.

**Benjamin F. GOODYEAR and Elizabeth
A. Goodyear, Appellees.**

No. 80–5179.

United States Court of Appeals,
Fourth Circuit.

Argued April 8, 1981.

Decided May 11, 1981.

James P. Springer, Tax Division, Dept. of Justice, Washington, D. C. (Stephen G. Jory, U. S. Atty., Elkins, W.Va., M. Carr Ferguson, Asst. Atty. Gen., Washington, D. C., Michael L. Paup, James A. Bruton, Tax Division, Dept. of Justice, Washington, D.C., on brief), for appellant.

John L. Henning, Elkins, W.Va. (R. Mike Mullens, Washington, D. C., on brief), for appellees.

Before BRYAN, Senior Circuit Judge, PHILLIPS and SPROUSE, Circuit Judges.

JAMES DICKSON PHILLIPS, Circuit Judge:

The Government appeals from the district court's order granting defendants' postverdict motions for judgments of acquittal because venue was improper in the Northern District of West Virginia. We reverse and remand.

The Goodyears were indicted by a federal grand jury for willfully attempting to evade income taxes in violation of I.R.C. § 7201 [1] by making false statements to Internal Revenue Service agents on or about April 30, 1974, in order to conceal unreported taxable income for 1971. At trial, the Government presented evidence that Benjamin and Elizabeth Goodyear had operated a cigarette mail order business in Raleigh, North Carolina in 1971; that they have never filed individual or joint federal income tax returns for 1971; and that they have individual taxes due and owing for 1971 of $13,185.44 and $10,342.39, respectively.[2] I.R.S. agents located the Goodyears in Bunker Hill, West Virginia, and interviewed them there on April 30 and May 1, 1974. The Government introduced evidence that during these interviews, Benjamin Goodyear falsely told the agents that he did not file a 1971 tax return because he had no income for that year and both defendants falsely told the agents that all business receipts had been deposited in the corporate bank accounts. The district court submitted the case to the jury which found both defendants guilty.

After trial, the Goodyears moved for judgments of acquittal, on the grounds *inter alia* that venue in the Northern District of West Virginia was improper.[3] The district court found that there was sufficient evidence to support the jury's findings that the Goodyears owed additional taxes for 1971 and made false statements to the I.R.S. agents in 1974. He characterized the case, however, not as the felony of a willful attempt to evade taxes, but as a classic failure to file misdemeanor in violation of I.R.C. § 7203, 26 U.S.C. § 7203. He then concluded that whatever crime defendants had committed as to the 1971 tax year was completed before they made the false statements in West Virginia in 1974, and since those false statements were the link to West Virginia, the district court granted the motions for judgments of acquittal because venue would be improper. He did not address defendants' other contentions or motions.

To obtain a conviction under I.R.C. § 7201, the Government must prove willfulness, a substantial tax deficiency,

---

1. I.R.C. § 7201, 26 U.S.C. § 7201, provides that:

    Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

2. We note, but do not decide the question whether the Goodyears owe individual taxes or, as husband and wife, are liable for a joint tax of $10,342.39.

3. Defendants initially raised the defense of improper venue in a pretrial motion and then renewed that motion after the jury returned its verdict.

and an affirmative act constituting an attempted evasion of the tax. *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965); *Spies v. United States*, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943); *United States v. Callanan*, 450 F.2d 145, 147 (4th Cir. 1971). Section 7201 contemplates an attempt "in any manner" and, as the Supreme Court has stated, a willful attempt may be inferred from any conduct having the likely effect of misleading or concealing. *Spies*, 317 U.S. at 499, 63 S.Ct. at 368. Further, the language of I.R.C. § 7201 "is clearly broad enough to include false statements made to Treasury representatives for the purpose of concealing unreported income." *United States v. Beacon Brass Co.*, 344 U.S. 43, 45–46, 73 S.Ct. 77, 78–79, 97 L.Ed. 61 (1952). Where the taxpayer has willfully failed to file a return—a misdemeanor under I.R.C. § 7203—a prior, concomitant, or subsequent false statement may lift the lesser offense to the degree of a felony. Prosecutions under section 7201 have been upheld where the defendant made false statements to I.R.S. agents after failing to file a return. *See, e. g., United States v. Neel*, 547 F.2d 95, 96 (9th Cir. 1976); *United States v. Calles*, 482 F.2d 1155, 1160 (5th Cir. 1973); *United States v. Newman*, 468 F.2d 791, 794 (5th Cir. 1972); *cf. United States v. Wilkins*, 385 F.2d 465, 472 (4th Cir. 1967) ("Subsequent acts of a defendant, such as . . . false explanations which will aid his defense, are clearly admissible to prove his guilty state of mind."). Accordingly, we hold that the Goodyears' false statements to I.R.S. agents in 1974 may constitute affirmative acts evidencing a willful attempt to evade taxes for 1971. Because the false statements were made in the Northern District of West Virginia, venue was proper under 18 U.S.C. § 3237(a). We, therefore, reverse the district court's order granting defendants' mo-

tions for judgments of acquittal, reinstate the jury's verdicts of guilty, and remand this case for further proceedings in light of this opinion.[4]

*REVERSED AND REMANDED.*

---

4. Defendants raised other grounds for dismissal—including possible speedy trial and statute of limitations violations—by pretrial motions renewed at the posttrial hearing. On appeal, defendant Elizabeth Goodyear also asserts that the indictment suffers from a fatal variance, an argument apparently not presented to the district court. None of these are before us on appeal. *See United States v. Swarovski*, 557

F.2d 40, 49 (2d Cir. 1977), *cert. denied*, 434 U.S. 1045, 98 S.Ct. 889, 54 L.Ed.2d 796 (1978). Upon remand, any that were properly raised in the district court may be there considered. To insure their orderly final disposition and in the interests of judicial economy, all which are considered should be ruled upon together.