**UNITED STATES of America**

v.

**William L. PARKINSON.**

**No. 84 CR 20013.**

United States District Court,
N.D. Illinois, W.D.

Aug. 16, 1984.

Paul Gaziano, Rockford, Ill., for defendant.

Keith Syfert, Asst. U.S. Atty., Rockford, Ill., for Government.

### ORDER

ROSZKOWSKI, District Judge.

Before the court is a stipulated bench trial involving a charge of felony tax evasion for the 1981 tax year. 26 U.S.C. § 7201. The sole issue before the court is whether the supplying of false or fraudulent withholding information to an employer in violation of 26 U.S.C. § 7205 constitutes a "willful commission" sufficient to transform a misdemeanor offense for willfully failing to file a return, 26 U.S.C. § 7503, into a felony offense for willfully attempting to evade or defeat tax liability. 26 U.S.C. § 7501. For the reasons set forth herein, the court holds that the de-

fendant's conduct in the present case was sufficient to violate § 7201 for the 1981 tax year.

## Background

The relevant facts have been stipulated to by the parties. On March 25, 1980 after attending various seminars concerning the constitutionality of the income tax laws, the defendant supplied his employer with a false and fraudulent Employee's Withholding Allowance Certificate claiming 27 allowances. As a result, defendant's employer withheld only $86.17 in Federal income tax from his 1981 salary of $17,808. Subsequently, the defendant willfully failed to file an income tax return for 1981. On May 28, 1982, plaintiff supplied an additional Employee's Withholding Allowance Certificate indicating that he did not owe any Federal income tax in 1981, that he had a right to a full refund of all income tax withheld during 1981, that he did not expect to owe any Federal income tax in 1982, that he expected to have a right to a full refund of all income tax withheld during 1982, and, consequently, that he was exempt from Federal income tax withholding. Based upon these facts, this court is asked to decide whether the defendant's conduct violated 26 U.S.C. § 7201 for the 1981 tax year.

## Discussion

Title 26 U.S.C. § 7201 provides in relevant part:

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall ... be guilty of a felony ...

Title 26 U.S.C. § 7203 provides in relevant part:

Any person required under this title to ... make a return ... who willfully fails to ... make such a return ... shall ... be guilty of a misdemeanor....

The distinction between § 7201 and § 7203 was set forth by the Supreme Court in *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965):

... [T]he difference between a mere willful failure to pay a tax (or perform other enumerated actions) when due under § 7203 and a willful attempt to evade or defeat taxes under § 7201 is that the latter felony involves 'some willful commission in addition to the willful omissions that make up the list of misdemeanors.' (quoting *Spies v. United States*, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943)).

Courts have been extremely liberal in identifying conduct sufficient to constitute a willful commission for the purposes of § 7201. In *United States v. Goodyear*, 649 F.2d 226, 228 (4th Cir.1981), for example, the court held that a defendant's false statement in 1974 that he had not filed an income tax return in 1971 because he had no income for that year was sufficient to constitute a willful commission supporting a felony conviction for a charge of evasion arising out of the 1971 tax year. *Id.* at 228. The court noted that, "[w]here the taxpayer has willfully failed to file a return—a misdemeanor under I.R.C. § 7203 —a prior, concomitant, or subsequent false statement may lift the lesser offense to the degree of a felony." *Id.*

The only willful commission alleged by the government in the present case is the defendant's supplying of false withholding information in violation of 26 U.S.C. § 7205. Section 7205 provides in relevant part:

(a) Any individual required to supply information to his employer ... who willfully supplies false or fraudulent information ... shall ... be fined not more than $1,000, or imprisoned not more than 1 year, or both.

Defendant contends that the supplying of such information to his employer does not constitute a willful commission aimed at evading or defeating his tax liability. Defendant points out that the supplying of false withholding information "does not have the effect of concealing income as the employer must still report the amount of wages paid." Thus, the defendant argues that the violation of the two misdemeanor

tax statutes § 7203 and § 7205 cannot give rise to a felony prosecution under § 7201.

The government contends that the supplying of such withholding information was a willful commission elevating the mere failure to file misdemeanor to the felony of evasion. Specifically, the government contends that "[t]he affirmative actions of the defendant in making these false statements to his employer furthered his attempt to evade taxes by substantially reducing, without legal justification, the withholding of taxes from his paycheck and by fraudulently reporting that he had no tax liability."

While the issue is not completely free from doubt, the court concludes that the stipulated facts in this case are sufficient to establish a violation of § 7201. The various written statements made by the defendant in his 1981 and 1982 Employee's Withholding Allowance Certificates (claiming twenty-seven withholding allowances in 1981, indicating that he did not owe any Federal income tax in 1981, and indicating that he had a right to a full refund of all income tax withheld during 1981) were *at least* as likely to mislead the Internal Revenue Service in its investigation and conceal his income as the simple oral statement alleged in *Goodyear*. Indeed, since the written statements in the present case were made under penalty of law as set forth in § 7205, the IRS had the right to assume they were reliable.

The defendant's argument that the supplying of false withholding information "does not have the effect of concealing income as the employer must still report the amount of wages paid" is unpersuasive. While the court agrees it was foreseeable that the defendant's employer's compliance with Federal reporting requirements would frustrate his attempted evasion, the court does not agree that this relieves him from the consequences of his actions. In the view of this court, a willful commission in furtherance of an attempt to evade or defeat the payment of Federal income taxes does not become less simply because the

attempt was inept and ultimately ineffective. Thus, the court concludes that the concomitant and subsequent filing of false and fraudulent Employee's Withholding Allowance Certificates in violation of § 7205, was sufficient to elevate the lesser offense of failure to file under § 7203 to the larger offense of felony evasion under § 7205.

Moreover, the court is not disturbed that the violation of two distinct misdemeanor statutes could be combined to give rise to a separate felony prosecution. At least in the present case, while a violation of either misdemeanor statute individually probably would not have resulted in the evading or defeating of any Federal income tax liability, the combined violation of both misdemeanor statutes resulted in the defendant's evading or defeating all but $86.17 of his Federal income tax liability. Specifically, if the defendant had filed an accurate Employee's Withholding Allowance Certificate in accordance with § 7205, his failure to file a proper return in compliance with § 7203 probably would not have resulted in his substantially evading or defeating his Federal income tax liability. Indeed, if the defendant had filed an accurate Employee's Withholding Allowance Certificate, his failure to file a proper return could well have deprived him of a Federal income tax refund.

Similarly, if the defendant had filed an accurate Federal income tax return in accordance with § 7203, his filing of a false and fraudulent Employee's Withholding Allowance Certificate in violation of § 7205 probably would not have resulted in his substantially evading or defeating his Federal income tax liability. If the defendant had filed an accurate Federal income tax return, his filing of a false and fraudulent Employee's Withholding Allowance Certificate would simply have altered the manner in which his Federal income tax liability was paid.[1] Thus, the combined effect of both violations goes far beyond the effect of either individually.

---

**1.** Specifically, as a lump sum payment rather than in installments through withholding.

For all the reasons set forth herein, the court finds the defendant violated 26 U.S.C. § 7201's prohibition against willfully evading or defeating Federal income tax liability for 1981.