UNITED STATES of America, Plaintiff,

v.

Cornelius OVERTON, Defendant.

No. G85–25 CR.

United States District Court, W.D. Michigan.

May 14, 1985.

David W. Brown and Dana Boente, Dept. of Justice, Washington, D.C., for plaintiff.

Cornelius Overton, in pro per.

OPINION ON MOTIONS TO DISMISS

MILES, Chief Judge.

Defendant, Cornelius Overton, is charged in an eight count indictment with violations

**6**

of 26 U.S.C. §§ 7201 and 7203. In motions filed on April 2, 1985 defendant moves to dismiss the indictment or parts of it on various grounds. In his first motion defendant moves to dismiss all counts of the indictment because he has incurred no gain from his labor which may properly be accounted as income. In a second motion defendant moves to dismiss Counts I, II, V and VII for failure to state a felony offense under section 7201. In the third motion defendant moves to dismiss either the charged violations of section 7201 or the charged violations of section 7203 because the indictment violates the rule against multiplicity, or, alternatively, because the alleged violations of section 7203 constitute lesser included offenses of the alleged violations of section 7201.

The arguments will be addressed under the following headings: Taxable Income, Felony Counts, and Multiplicity.

### Taxable Income

■ In his motion to dismiss all counts of indictment—and memorandum defendant argues that he has not incurred any gain which may properly be accounted as income. Defendant argues that he has merely exchanged one form of property (labor) for another (money). In *Eisner v. Macomber*, 252 U.S. 189, 207, 40 S.Ct. 189, 193, 64 L.Ed. 521 (1920), the Supreme Court held that "income" as used in the sixteenth amendment includes "gain derived from capital, from labor, or from both combined." It is defendant's position that reasonable compensation for services rendered is not income because it represents an equal exchange without gain.

Defendant's position has been routinely rejected. Innumerable cases have held that wages constitute taxable income within the meaning of the Internal Revenue Code. *See e.g., United States v. Burton*, 737 F.2d 439, 441 (5th Cir.1984); *United States v. Richards*, 723 F.2d 646, 648 (8th Cir.1983); *United States v. Stillhammer*, 706 F.2d 1072, 1077–78 (10th Cir.1983).

The assertion that wages are not income has been described as "absolutely, undis-putably, frivolous" by one District Court. *Lovell v. United States*, 579 F.Supp. 1047, 1048 (W.D.Wisc.1984). "It is well settled, and beyond dispute, that compensation for labor or service is taxable income, and no deduction is allowed for the value of labor expended." *Id.*

The Seventh Circuit has also expressed its view that defendant's contention is no longer worthy of consideration:

> Although not raised in his brief on appeal, the defendant's entire case at trial rested on his claim that he in good faith believed that wages are not income for taxation purposes. Whatever his mental state, he, of course, was wrong, as all of us already are aware. Nonetheless, the defendant still insists that no case holds that wages are income. Let us now put that to rest: WAGES ARE INCOME. Any reading of tax cases by would-be tax protesters now should preclude a claim of good-faith belief that wages—or salaries—are not taxable.

*United States v. Koliboski*, 732 F.2d 1328, 1329 n. 1 (7th Cir.1984). Wages clearly come within the Supreme Court's definition of income as "undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." *Commissioner v. Glenshaw Glass*, 348 U.S. 426, 431, 75 S.Ct. 473, 477, 99 L.Ed. 483 (1955).

Defendant's position that wages are not income is untenable, and defendant's motion to dismiss all counts of the indictment is accordingly DENIED.

### Felony Counts

■ In his motion to dismiss section 7201 charges for failure to state an offense defendant argues that the government has improperly attempted to make a felony case out of a misdemeanor. As correctly noted by the defendant, in order for section 7201 to apply, there must be alleged and proved more than a mere failure on the part of the defendant to act. Some affirmative act calculated to evade and defeat the payment of the tax must be shown. *Spies*

*v. United States,* 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1943).

The felony statute, section 7201, provides:

> Any person who willfully attempts *in any manner* to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

26 U.S.C. § 7201 (emphasis added).

■ The government has alleged that defendant attempted to evade and defeat the payment of the tax by 1) submitting a false form W–4 to his employer, 2) by failing to make a tax return, and 3) by failing to pay the tax. (Counts I, III, V and VII). Defendant admits that submitting a false W–4 form is an affirmative act, but nevertheless contends that filing a false W–4 form is a misdemeanor under section 7205 and that the government cannot lay several misdemeanors end to end in an effort to reach a felony.

The nature of the affirmative act required under section 7201 was defined very broadly by the Supreme Court in *Spies:*

> Congress did not define or limit the methods by which a willful attempt to defeat and evade might be accomplished and perhaps did not define lest its effort to do so result in some unexpected limitation. Nor would we by definition constrict the scope of the Congressional provision that it may be accomplished 'in any manner.' By way of illustration, and not by way of limitation, we would think affirmative willful attempt may be inferred from such conduct such as keeping a double set of books, making false entries or alterations, or *false* invoices or *documents,* destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and *any conduct, the likely effect of which would be to mislead or to conceal.* If

the tax-evasion motive plays any part in such conduct the offense may be made out even though the conduct may also serve other purposes such as concealment of other crime.

317 U.S. at 499, 63 S.Ct. at 368 (emphasis added).

Conduct held sufficient to constitute the requisite affirmative act under section 7201 include making false statements to IRS agents, *United States v. Goodyear,* 649 F.2d 226, 228 (4th Cir.1981); using false documents, *United States v. Walsh,* 627 F.2d 88, 92 (7th Cir.1980); and filing false tax returns, *United States v. Schafer,* 580 F.2d 774, 782 (5th Cir.1978). Certainly, the filing of false W–4 forms which may mislead the IRS into believing that defendant had no taxable income and which prevent the withholding of sufficient tax from paychecks similarly constitutes an act of attempted evasion the likely effect of which would be to mislead or to conceal.

The use of false and fraudulent forms W–4 to establish the affirmative acts of evasion was recently approved in *United States v. Parkinson,* 602 F.Supp. 121 (Roszkowski, J.) (N.D.Ill.1984). The Court rejected the contention that two misdemeanors cannot be used to create a felony. When defendant submitted false and fraudulent forms W–4 *and* failed to file tax returns, "the combined effect of both violations goes far beyond the effect of either individually." *Id.* at 123.

Defendant has been charged with a passive neglect of his statutory duty to file tax returns with a willful attempt to evade tax by submitting false forms W–4. The charges are sufficient to make out a case of attempted tax evasion in violation of 26 U.S.C. § 7201. Defendant's motion to dismiss section 7201 charges for failure to state an offense are accordingly DENIED.

### *Multiplicity*

■ Defendant argues in his motion to dismiss counts of indictment that the indictment violates the rule against multiplicity. In the alternative, defendant argues that

the alleged violations of section 7203 constitute lesser-included offenses of the alleged violations of section 7201 and that the government should not be allowed to charge as to both.

The charges under sections 7201 and 7203 are not multiplicitous. This case differs from *United States v. Chrane*, 529 F.2d 1236 (5th Cir.1976), cited by defendant, where Crane was convicted for the same years of failing to file tax returns and failing to supply information, both offenses under section 7203. In that case the Court found that the two offenses were coterminous, "in effect one offense with two labels." *Id.* at 1238.

The charges under 7201 and 7203 are not identical. Section 7203 is, however, as defendant suggests, a lesser included offense of section 7201. *See, Sansone v. United States*, 380 U.S. 343, 349, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965); *Spies v. United States*, 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1942); *United States v. Buckley*, 586 F.2d 498, 504 (5th Cir.1978). Nevertheless, this fact does not mandate the dismissal of either the section 7201 charges or the section 7203 charges. The government is entitled to charge both the lesser included offense as well as the major offense as separate counts of the same indictment. *United States v. Universal Corp.*, 344 U.S. 218, 228, 73 S.Ct. 227, 231, 97 L.Ed. 260 (1952); *United States v. Forsberg*, 351 F.2d 242, 245 (9th Cir.1965); 8 Moore's Federal Practice, ¶ 31.03[3][c] at 31–24.

Whether or not the jury will be instructed on both the lesser included offense as well as the greater offense depends on whether the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense. *Sansone*, 380 U.S. at 349–50, 85 S.Ct. at 1009. This determination cannot be made at this juncture.

For the foregoing reasons defendant's motion to dismiss either the felony charges under section 7201 or the misdemeanor charges under section 7203 is DENIED.

*Conclusion*

Defendant's pretrial motions to dismiss all or part of the indictment are DENIED.