T.C. Memo. 1996-204


UNITED STATES TAX COURT


JAMES ALAN PRICE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23802-93.                    Filed April 29, 1996.


In 1985, 1986, and 1987, P engaged in various tax protester activities, filed false Forms W-4, and did not file tax returns.  R determined that P is liable for the addition to tax for fraud for those years.  P was convicted of income tax evasion under I.R.C. sec. 7201 for 1986 and willful failure to file under I.R.C. sec. 7203 for 1987.

P contends that imposition of the addition to tax for fraud violates his right not to be subject to double jeopardy under the Fifth Amendment of the U.S. Constitution.

<u>Held</u>:  P is liable for the addition to tax for fraud for 1985, 1986, and 1987.

<u>Held</u>, <u>further</u>, imposition of the addition to tax for fraud against P for 1985, 1986, and 1987, after he was convicted of income tax evasion for 1986 and

willful failure to file a return for 1987, does not subject him to double jeopardy in violation of the Fifth Amendment.

Tristan P. Junius, for petitioner.

Loren B. Mark, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, Judge:  In the notice of deficiency, respondent determined that petitioner is liable for additions to tax as follows:

| | Additions to Tax | | | | |
|---|---|---|---|---|---|
| Year | Sec. 6653(b)(1) | Sec. 6653(b)(2) | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) | Sec. 6654 |
| 1985 | $6,677 | [1] | -- | -- | $706 |
| 1986 | -- | -- | $13,206 | [2] | 851 |
| 1987 | -- | -- | 3,952 | [3] | 106 |

[1] Fifty percent of the interest due on the $13,354 underpayment due to fraud.
[2] Fifty percent of the interest due on the $17,608 underpayment due to fraud.
[3] Fifty percent of the interest due on the $5,269 underpayment due to fraud.

After concessions,[1] the issues for decision are:

1.  Whether petitioner is liable for additions to tax for fraud under section 6653(b) for 1985, 1986, and 1987.  We hold that he is.

---

[1] Petitioner concedes that he is liable for the addition to tax for failure to pay estimated tax under sec. 6654 for 1985, 1986, and 1987.

2.    Whether the imposition of additions to tax for fraud against petitioner under section 6653(b) for 1985, 1986, and 1987, after petitioner's conviction for income tax evasion under section 7201 for 1986 and willful failure to file under section 7203 for 1987, violates the Double Jeopardy Clause of the Fifth Amendment.  We hold that it does not.

Section references are to the Internal Revenue Code as in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.    <u>Petitioner</u>

Petitioner lived in Minooka, Illinois, when he filed the petition in this case.

Petitioner was born on January 22, 1955.  He graduated from high school in 1973.  He has been married to Barbara Price since 1973.  They have three children:  Lee, Eric, and Ana.  Lee and Eric were dependents of petitioner and his wife during the years in issue.  Ana was born after the years in issue.

From 1973 to 1977, petitioner was an apprentice electrician with the International Brotherhood of Electrical Workers, studying and working to become a journeyman electrician.  In 1977, petitioner became a journeyman electrician.  From 1977 until the time of trial, he worked as a journeyman electrician

for several employers.  A journeyman electrician must have substantial knowledge about being an electrician.  Each State in which petitioner worked required him to pass a license examination.

From 1985 to 1987, petitioner received wages as follows:

| Employer | 1985 | 1986 | 1987 |
|---|---|---|---|
| L.K. Comstock & Co., Inc. | $44,331.79 | $56,659.08 | $1,660.00 |
| Hatfield Electric Co. | 666.00 | -- | -- |
| Meany Elec. Engg. Co., Inc. | 3,275.61 | -- | -- |
| Hyre Elec. Co. of Ind. | -- | -- | 3,522.25 |
| Harding Elec., Inc. | -- | -- | 6,120.18 |
| NECA - IBEW Local 176 | -- | -- | 450.00 |
| Industrial Instruments Inc. | -- | -- | 1,416.10 |
| W.J. O'Brien Elec. Co., Inc. | -- | -- | 3,899.07 |
| Philip J. Burkhart | -- | -- | 480.00 |
| Electric Sys. & Serv., Inc. | -- | -- | 7,036.41 |
| J.F. Edwards Constr. Co. | -- | -- | 320.00 |
| J. Thomas Elec., Inc. | -- | -- | 740.00 |
| Hoffman Elec. Co. | -- | -- | 1,670.46 |
| Commonwealth Elec. Co. | -- | -- | 5,609.46 |
| Totals | 48,273.40 | 56,659.08 | 32,923.93 |

Petitioner received a Form W-2 from each of these employers for the wages paid to him.

From 1985 to 1987, petitioner also had the following taxable income:

| Year | Interest | Unemployment Compensation |
|---|---|---|
| 1985 | $91.62 | -- |
| 1986 | 102.21 | -- |
| 1987 | 144.42 | $1,314 |

Petitioner filed timely Federal income tax returns for tax years 1973 to 1979, most of which were prepared by H & R Block. He filed a timely tax return for 1980, prepared by R.W. Breisch.

B.    Petitioner's Tax Protester Activities

Beginning around 1979, petitioner learned that some of his coworkers were not filing tax returns and were submitting Forms W-4 to their employer on which they claimed to be exempt from Federal tax withholding.  Some of his coworkers gave him tax protester literature that said wages were not taxable income and that payment of Federal income taxes was voluntary.

Petitioner did not file timely Federal income tax returns for tax years 1981 to 1988.  He did not ask an attorney, accountant, or return preparer whether he was required to file a tax return.  From 1985 to 1987, petitioner had contacts with members of a tax protester group known as the "Golden Means".

By 1983, respondent began sending letters to petitioner asking about his failure to file tax returns.  Petitioner usually sent respondent the following written response:

>       Your letter stated that you have not received a form 1040 Income Tax Return for  * * *  [taxable period specified], then you procede [proceed] to request a tax return.
>
>       I would be happy to comply with your request if you will please answer the following questions;
>
>       1. Can you show me how to fill out a return without waiving any of my Constitutional rights?
>
>       2. Will you grant me immunity in non-tax related matters?
>
>       3. Is a return voluntary or compelled?
>
>       The answers to these questions are very important to me, as a citizen of this country.  If you cannot

answer these questions for me, would you please direct me to someone within the Internal Revenue Service who can? I anxiously await your reply.

Before the tax years in issue, respondent assessed penalties against petitioner for filing false Forms W-4 for his 1982 tax year. From 1984 to 1987, petitioner submitted false Forms W-4 to his employers on which he claimed what he now concedes were excessive numbers of withholding allowances. These Forms W-4 were as follows:

| Date | Employer | Allowances Claimed |
|------|----------|--------------------|
| 1984 | | |
| 12/5/84 | Meany Elec. Engg. Co., Inc. | 99 |
| 1985 | | |
| 1/28/85 | L.K. Comstock & Co., Inc. | 14 |
| 3/25/85 | L.K. Comstock & Co., Inc. | 99 |
| 6/26/85 | Hatfield Electric Co. | 99 |
| 7/8/85 | L.K. Comstock & Co., Inc. | 99 |
| 1987 | | |
| 5/12/87 | Hatfield Electric Co. | 10 |
| 10/1/87 | J.F. Edwards Constr. Co. | 10 |
| 10/16/87 | J. Thomas Electric, Inc. | 10 |
| 10/26/87 | Philip J. Burkhart | 10 |
| 12/21/87 | Industrial Instruments, Inc. | 9 |
| Undated | Electric Sys. & Serv., Inc. | 10 |

By claiming a large number of withholding allowances, petitioner eliminated withholding of a substantial amount of taxes from his wages for 1985 and 1987, and eliminated all withholding from his wages for 1986. Petitioner concedes that he was entitled to claim only four withholding allowances for 1985, 1986, and 1987.

After learning that respondent was investigating him for possible criminal tax violations, petitioner, in March 1990, retained Tristan P. Junius (Junius) to prepare his tax returns for tax years 1981 to 1988. Petitioner gave Junius his records, including Forms W-2, Forms 1099, and pay stubs.

C. Petitioner's Tax Returns for 1985, 1986, and 1987

In August 1990, petitioner filed delinquent tax returns for 1985, 1986, and 1987. Petitioner reported the following income and tax liabilities:

|  | 1985 | 1986 | 1987 |
|---|---|---|---|
| Gross Income | $48,365 | $56,761 | $34,382 |
| Less: | | | |
| Standard deduc. | -- | -- | (1,888) |
| Exemptions (4) | (4,160) | (4,320) | (7,600) |
| Taxable income | 44,205 | [1]54,236 | [2]24,902 |
| Tax | 13,354 | 17,608 | 5,269 |
| Less: | | | |
| Tax withheld | (823) | -- | (2,637) |
| Tax due per return | 12,531 | 17,608 | 2,632 |

[1] To calculate taxable income for 1986, petitioner subtracted $4,320 from $58,556. There is no evidence about how petitioner calculated $58,556.

[2] To calculate taxable income for 1987, petitioner subtracted $1,880 from $34,382 which equaled $32,502. He then subtracted $7,600 from $32,502 which equaled $24,902.

D. Petitioner's Conviction for Tax Evasion and Willful Failure To File a Return

On April 1, 1992, petitioner was indicted for income tax evasion under section 7201 for 1985 and 1986, and for willful

failure to file a return under section 7203 for 1985, 1986, and 1987.  On June 10, 1992, petitioner pleaded guilty to income tax evasion under section 7201 for 1986 and to willful failure to file a return under section 7203 for 1987.  In his plea agreement, petitioner admitted that he attempted to evade Federal income taxes by filing false Forms W-4 for 1985, 1986, and 1987.  His plea agreement stated in part as follows:

> 5.    Defendant will plead guilty because he is in fact guilty of the charges contained in Counts Three and Five of the indictment.  In pleading guilty to these counts, defendant acknowledges that:
>
> (a)  as charged in Count Three of the indictment, during calendar year 1986, defendant had gross income of $56,761 and taxable income of $52,441.  Upon that income, defendant owed at least $11,691 in income taxes to the United States.  Defendant knew that he was required by law on or before April 15, 1987 to make an income tax return to the Internal Revenue Service and to pay his income tax.  Defendant wilfully failed to file an income tax return and failed to pay his income taxes on or before April 15, 1987.  Defendant further acknowledges that he did not file his 1986 tax return until August 1990.  In addition, defendant attempted to evade the payment of income taxes for the calendar year 1986 by submitting a false Employee's Withholding Allowance Certificate (Form W-4) in which he falsely claimed that he was entitled to ninety-nine withholding allowances, in order to prevent his employer from withholding the proper amount of income tax from his pay.
>
> (b) as charged in Count Five of the indictment, defendant had gross income of approximately $34,382 in the calendar year 1987, which included payments he received for his services as an electrician.  Defendant knew that he was required to make an income tax return to the Internal Revenue Service on or before April 15, 1988, and wilfully failed to make the required income tax return to the Internal Revenue Service or to any other proper officer

of the United States on or before April 15, 1988. Defendant further acknowledges that he did not file his 1987 tax return until August 1990. On April 15, 1988, defendant owed income tax to the United States of at least $687, in addition to the amount of tax that was withheld from his pay and paid on his behalf by his employer. In addition, defendant attempted to evade the payment of income tax for the calendar year 1987 by submitting six false Employee's Withholding Allowance Certificates (Form W-4) to his employer, in which he falsely claimed that he was entitled to ten withholding allowances, in order to prevent his employers from withholding the proper amount of income tax from his pay.

6. Pursuant to [section] 1B1.3 of the United States Sentencing Guidelines, the defendant and his attorney and the government further agree and stipulate that during calendar year 1985, defendant had gross income of $48,365 and taxable income of $44,205. Upon that income, defendant owed to the United States at least $7,999 in income tax in addition to the amount of tax withheld and paid on his behalf by his employer. Defendant knew that he was required by law on or before April 15, 1986 to make an income tax return to the Internal Revenue Service and to pay his income tax. Defendant wilfully failed to file an income tax return and failed to pay his income tax on or before April 15, 1986. Defendant further acknowledges that he did not file his 1985 tax return until August 1990. In addition, defendant attempted to evade the payment of income tax for the calendar year 1985 by submitting four false Employee's Withholding Allowance Certificates (Form W-4) in which he falsely claimed that he was entitled to ninety-nine withholding allowances, in order to prevent his employers from withholding the proper amount of income tax from his pay.

On September 30, 1992, the court accepted petitioner's guilty pleas. Petitioner was convicted of tax evasion in violation of section 7201 for 1986 and for willful failure to file a return in violation of section 7203 for 1987. He was sentenced to 3 years' probation.

OPINION

A.  Addition to Tax for Fraud Under Section 6653(b)

1.  Contentions of the Parties and Background

Petitioner contends that he is not liable for the addition to tax for fraud for the years in issue because he was misled by some of his friends who were not filing tax returns and who were claiming to be exempt from withholding; that he sincerely believed that he did not have to pay tax; and that respondent did not advise him that his conduct was illegal in response to his letters.  Respondent contends that petitioner intended to evade taxes for each year in issue.

A taxpayer who commits fraud is liable for an addition to tax of 50 percent of the underpayment for 1985, and 75 percent of the underpayment due to fraud for 1986 and 1987.  Sec. 6653(b)(1); sec. 6653(b)(1)(A).  Respondent has the burden of proving fraud by clear and convincing evidence.  Sec. 7454(a); Rule 142(b).  First, respondent must prove the existence of an underpayment.  Sec. 6653(b)(1); King's Court Mobile Home Park, Inc. v. Commissioner, 98 T.C. 511, 515-516 (1992); Parks v. Commissioner, 94 T.C. 654, 660 (1990).  Second, respondent must show that petitioner intended to evade taxes he believed to be owing by conduct intended to conceal, mislead, or otherwise prevent tax collection for each year in issue.  Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Parks v.

Commissioner, supra at 661; Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).

### 2. Underpayment

Petitioner concedes that he understated his tax for each of the years in issue.

### 3. Fraudulent Intent

Respondent must prove by clear and convincing evidence that petitioner had fraudulent intent. Parks v. Commissioner, supra at 664. For purposes of section 6653(b), fraud means actual, intentional wrongdoing, Mitchell v. Commissioner, 118 F.2d 308, 310 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939), or the intentional commission of an act for the specific purpose of evading a tax believed to be owing, Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81.

#### a. Direct Evidence of Fraud

There is direct evidence of petitioner's fraud because petitioner admitted in his plea agreement that he tried to evade tax that he knew he owed for 1985, 1986, and 1987. Direct evidence can be sufficient to support a finding of fraudulent intent. Catalfo v. Commissioner, T.C. Memo. 1995-106 (taxpayer's admissions connected with plea agreement established fraudulent intent); Larson v. Commissioner, T.C. Memo. 1994-302, affd. without published opinion 60 F.3d 830 (8th Cir. 1995) (plea agreement was evidence of fraudulent intent).

b.   Circumstantial Evidence of Fraud

Fraud may also be proven by circumstantial evidence. Stephenson v. Commissioner, 79 T.C. 995, 1005-1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984).  The courts have developed a number of objective indicators or "badges" of fraud.  Recklitis v. Commissioner, 91 T.C. 874, 910 (1988).  The badges of fraud in this case corroborate petitioner's admitted intent to evade tax for 1985, 1986, and 1987.  The badges of fraud present here are: (a) Filing false Forms W-4; (b) failure to file income tax returns; (c) substantially understating income for several years; and (d) making implausible or inconsistent explanations of behavior.  Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Ruark v. Commissioner, 449 F.2d 311, 312-313 (9th Cir. 1971), affg. T.C. Memo. 1969-48; Meier v. Commissioner, 91 T.C. 273, 297-298 (1988).

c.   Filing False Forms W-4

Filing false Forms W-4 may be evidence of fraud.  Bradford v. Commissioner, supra at 308; Recklitis v. Commissioner, supra at 910-911; Rowlee v. Commissioner, supra at 1125; Stephenson v. Commissioner, supra at 1007.

Respondent penalized petitioner for filing false Forms W-4 for his 1982 tax year.  Despite this, petitioner later filed false Forms W-4:  (a) In 1984, claiming 99 withholding allowances; (b) in 1985, claiming 14 withholding allowances, and

2 months later, claiming 99 withholding allowances; (c) in 1985, claiming 99 withholding allowances; and (d) in 1987, claiming 10 withholding allowances and later 9 withholding allowances.

Petitioner concedes that the correct number of withholding allowances for him during the years in issue was four. By claiming an excessive number of withholding allowances, petitioner eliminated a substantial amount of withholding for 1985 and 1987, and all withholding for 1986. Petitioner knew or should have known that he was required to submit correct Forms W-4 for the years in issue because, before the years in issue, respondent assessed penalties against him for filing false Forms W-4 for 1982.

Petitioner also submitted false Forms IL-W-4 for 1985, 1986, and 1987, pertaining to withholding allowances for Illinois income tax.

Petitioner contends that he honestly believed that he did not have to pay tax, that the tax law was invalid as to wages, and that paying income tax was voluntary. We disagree. Petitioner did not try to contact a tax professional during the years in issue. We do not believe that petitioner honestly believed that he was not liable for tax for the years in issue.

Petitioner's contention that he honestly believed that he was not required to file returns and pay tax is inconsistent with his plea agreement. In the plea agreement, he admitted that he

knew that he had to file tax returns and pay taxes for 1985, 1986, and 1987; that he willfully failed to do so; and that he intended to evade taxes by filing false withholding certificates.

Petitioner's testimony that he believed that he did not have to pay income tax during the years in issue is not credible because he used a return preparer and filed returns before the years in issue. Hebrank v. Commissioner, 81 T.C. 640, 642 (1983) (taxpayer's compliance in earlier years indicates knowledge of the requirement to comply in later years).

Petitioner's situation is similar to that of the taxpayer in Rowlee v. Commissioner, supra. The taxpayer in Rowlee was a high school graduate and a wage earner who filed returns before the years in issue, but not for the years in issue. His employers did not withhold tax because he submitted Forms W-4 on which he claimed either that he was exempt or that he was entitled to 10 withholding allowances.

We conclude that petitioner's filing of false Forms W-4 is a badge of fraud.

### d. Failure To File Income Tax Returns

Failure to file income tax returns may be evidence of fraud, particularly if the taxpayer submits false Forms W-4.[2] Hebrank

---

[2] Failure to file tax returns and use of false Forms W-4 have been held to be sufficient to establish criminal tax evasion. See United States v. Parkinson, 602 F. Supp. 121, 123 (N.D. Ill. 1984), affd. without published opinion 774 F.2d 1168

(continued...)

v. Commissioner, supra (exempt); Rowlee v. Commissioner, supra at 1123-1125 (exempt or 10 withholding allowances); Habersham-Bey v. Commissioner, 78 T.C. 304 (1982) (13 withholding allowances). Petitioner did not file income tax returns for the years in issue.

Petitioner contends that he did not file returns because he sincerely believed that he was not required to do so based on his study of tax law. Petitioner's claim is implausible. Petitioner filed income tax returns from 1973 to 1981. He knew during those years that he was supposed to file returns. He said that he stopped filing returns because he thought that wages were not income and that payment of tax was voluntary. He did not consult with a tax professional. Petitioner understood his duty to file returns before 1981.

In his plea agreement petitioner admitted that he knew that he was required by law to file a timely income tax return and pay tax for each of the years in issue. We find that he was aware of the requirements of the Internal Revenue Code in that respect. Insofar as he believed them to be invalid or unconstitutional, his belief does not shield him from the additions to tax for fraud. See Niedringhaus v. Commissioner, 99 T.C. 202, 216-220 (1992).

---

[2](...continued)
(7th Cir. 1985).

e.    Substantially Understating Income

A pattern of substantially underreporting income tax liability for several years may be evidence of fraud.  Holland v. United States, 348 U.S. 121, 137-139 (1954); Estate of Mazzoni v. Commissioner, 451 F.2d 197, 202 (3d Cir. 1971), affg. T.C. Memo. 1970-144; Rogers v. Commissioner, 111 F.2d 987, 989 (6th Cir. 1940), affg. 38 B.T.A. 16 (1938).  Petitioner substantially underreported income of $48,365 for 1985, $56,761 for 1986, and $34,382 for 1987.

f.    Implausible or Inconsistent Explanations of
       Behavior

Implausible or inconsistent explanations of behavior may be a badge of fraud.  Bradford v. Commissioner, 796 F.2d at 307-308.  Petitioner's contention that he did not know that he had to file tax returns and pay income tax for the years in issue is implausible and inconsistent with his plea agreement.

4.    Open Defiance as a Defense to Fraud

Petitioner contends that the fact that he sent several letters to respondent shows that he is not liable for fraud.  We disagree.

Petitioner relies on Raley v. Commissioner, 676 F.2d 980, 984 (3d Cir. 1982), revg. T.C. Memo. 1980-571.  In Raley, the U.S. Court of Appeals for the Third Circuit held that filing false Forms W-4 and an invalid tax return did not establish fraud where the taxpayer clearly informed various people in the

collection process that he was not paying and would not pay income taxes. The U.S. Court of Appeals for the Third Circuit said that it would be anomalous to suggest that Raley's attempts to notify the Government supported an intent to defraud.

In Zell v. Commissioner, 763 F.2d 1139, 1144 (10th Cir. 1985), affg. T.C. Memo. 1984-152, the U.S. Court of Appeals for the Tenth Circuit adopted the rationale in Raley. However, that court held that the taxpayer was liable for the addition to tax for fraud because he filed false Forms W-4, which was an affirmative act of concealment or misrepresentation, and he failed to file tax returns or disclose to the Commissioner that he was not filing tax returns. Id. at 1145-1146.

The taxpayer in Granado v. Commissioner, 792 F.2d 91 (7th Cir. 1986), affg. T.C. Memo. 1985-237, was a high school graduate and electrician who said he believed that wages were not income. He argued that he was not liable for additions to tax for fraud "because he notified the Commissioner through various communications that he was filing the false forms in the belief that he was exempt from taxation." Id. at 92. The U.S. Court of Appeals for the Seventh Circuit, the Circuit in which this case is appealable, disagreed with Zell and Raley, and held that the taxpayer could not avoid liability for the addition to tax for fraud by disclosing his evasion of taxes to the IRS. The Court of Appeals for the Seventh Circuit said:

fraud under section 6653 "is intentional wrongdoing on the part of the taxpayer to avoid a tax known to be owing." Akland v. Commissioner, 767 F.2d 618, 621 (9th Cir. 1985). By filing fraudulent W-4 forms and failing to file tax returns, appellant succeeded in avoiding paying taxes for a number of years. The fact that he told the Internal Revenue Service that he was evading taxes does not make it any less fraudulent. * * *

Granado v. Commissioner, supra at 93. We follow Granado v. Commissioner, supra. Golsen v. Commissioner, 445 F.2d 985 (10th Cir. 1971), affg. 54 T.C. 742 (1970). We conclude that the fact that petitioner sent letters to respondent raising frivolous constitutional and other legal questions about filing tax returns does not preclude a finding of fraud. Cloutier v. Commissioner, T.C. Memo. 1994-558.

Petitioner contends that respondent entrapped him by not responding to his letters. We disagree. We do not believe that petitioner wrote those letters in good faith. Respondent put petitioner on notice that he was wrong before the years in issue when respondent assessed penalties against petitioner for filing false Forms W-4 in 1982.

5.  Other Cases on Which Petitioner Relies

Petitioner contends that he is like the taxpayer in Marinzulich v. Commissioner, 31 T.C. 487 (1958), whose lack of education negated fraudulent intent. We disagree. The taxpayer in Marinzulich had a third grade education, lacked familiarity with income tax laws, used a tax return preparer, filed returns for the years in issue, and did not falsify any records.

Petitioner was a high school graduate and an electrician. He knew of his obligation to file and pay tax. He filed tax returns before 1981, but did not file returns, pay the tax he owed, or rely on tax professionals for the years in issue until after he learned that he was under investigation for possible criminal tax violations.

Petitioner also cites Danenberg v. Commissioner, 73 T.C. 370 (1979). In Danenberg, the taxpayers were farmers and were heavily indebted to a bank. They sold six lots to third parties. The bank canceled their debt. The Commissioner determined that the taxpayers were liable for the addition to tax for fraud because they did not report any gain on the sale of the six lots. We held that the taxpayers were not liable for fraud because a person who is not an expert in tax law may not have understood the tax consequences of the transfer of the six lots. Id. at 393-394. That case is distinguishable from the present case because petitioner's income tax return did not involve complex facts or issues; most of petitioner's income was from wages.

6. Conclusion

We conclude that respondent has shown both by clear and convincing direct evidence, and clear and convincing circumstantial evidence, that petitioner is liable for the addition to tax for fraud for 1985, 1986, and 1987.

7.   Underpayment Due to Fraud

If the Commissioner establishes that any of the underpayment is due to fraud, the taxpayer must show how much of the underpayment is not due to fraud.  Sec. 6653(b)(2); see Tax Reform Act of 1986, Pub. L. 99-514, secs. 1503(a), (e), 100 Stat. 2085, 2742-2743.  Petitioner has not shown that any of the underpayment is not due to fraud.  We hold that the each of the underpayments for 1985, 1986, and 1987 is due to fraud.

B.   Double Jeopardy

1.   Petitioner's Contentions

Petitioner contends that imposition of the addition to tax for fraud against him for 1985, 1986, and 1987 violates the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution (Double Jeopardy Clause) because he contends that he was criminally prosecuted for the same conduct.

2.   Double Jeopardy Analysis

The Double Jeopardy Clause forbids "any person * * * subject for the same offense to be twice put in jeopardy of life or limb".[3]

---

[3] The Fifth Amendment to the Constitution provides as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor

(continued...)

The Double Jeopardy Clause bars imposition of civil damages equivalent to criminal punishment for conduct which has already been the subject of a criminal prosecution.  <u>United States v. Halper</u>, 490 U.S. 435, 448-449 (1989); <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932).  Conduct is different for double jeopardy purposes if the criminal and civil proceedings require proof of different facts.  <u>Blockburger v. United States</u>, <u>supra</u>.

     a.    <u>1985</u>

Petitioner was not convicted or acquitted of, and did not plead guilty to, any tax crime for 1985.  Therefore, imposition of the addition to tax for fraud under section 6653(b)(1) and (2) does not subject him to double jeopardy for 1985.  <u>Blockburger v. United States</u>, <u>supra</u>; see <u>Catalfo v. Commissioner</u>, T.C. Memo. 1995-106 (taxpayer was not convicted of and did not plead guilty to tax crimes for the years in issue); thus, Tax Court proceedings did not subject him to double jeopardy.

We conclude that the imposition of the addition to tax for fraud under section 6653(b)(1) and (2) does not violate petitioner's right not to be subject to double jeopardy for 1985.

[3](...continued)
shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

b.  1986

Petitioner was convicted of income tax evasion under section 7201 for 1986.  Criminal tax evasion under section 7201 and civil fraud under section 6653(b) require proof of the same facts. Amos v. Commissioner, 43 T.C. 50, 55 (1964), affd. 360 F.2d 358 (4th Cir. 1965).  Thus, sections 7201 and 6653(b) apply to the same conduct for purposes of double jeopardy.

We must next decide whether imposition of the addition to tax under section 6653(b)(1)(A) and (B) is punishment for purposes of the Double Jeopardy Clause.  A civil sanction is punishment for double jeopardy purposes if it is not remedial but is imposed to serve the punitive goals of deterrence and retribution.  Department of Revenue v. Kurth Ranch, __ U.S. __, 114 S. Ct. 1937, 1944 (1994); United States v. Halper, supra at 448-449.  The 50-percent addition to tax for civil tax fraud as under section 6653(b)(1) and (2) in effect before 1986 was not a criminal punishment for purposes of the Double Jeopardy Clause because it was imposed primarily to protect the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud.  Helvering v. Mitchell, 303 U.S. 391, 398, 401 (1938); Ianniello v. Commissioner, 98 T.C. 165, 176-185 (1992).

Congress amended section 6653(b) effective for returns due after December 31, 1986, to apply the addition to tax under

section 6653(b)(1)(A) to the portion of the underpayment due to fraud rather than the entire underpayment (as under former section 6653(b)(1)) and raise the rate from 50 to 75 percent. Tax Reform Act of 1986, Pub. L. 99-514, secs. 1503(a), (c), 100 Stat. 2085, 2742-2743; H. Rept. 99-426, 1986-3 C.B. (Vol. 2) 1, 834-835. We must decide whether section 6653(b) as amended in 1986 continues to be remedial, or whether it serves punitive goals of deterrence or retribution. Department of Revenue v. Kurth Ranch, supra; United States v. Halper, supra.

We believe that Congress intended section 6653(b) to continue to be remedial. The report of the Ways and Means Committee for the Tax Reform Act of 1986 explained the changes to the fraud addition to tax in 1986 as follows:

### Reasons for Change

\*   \*   \*   \*   \*   \*   \*

The committee is also concerned that the current applicability of the fraud penalty to the entire underpayment of tax (once the IRS has established fraud with respect to any portion of the underpayment) may decrease the efficacy of this penalty. The committee is concerned that imposing the same penalty on two taxpayers who have identical underpayments, one attributable wholly to fraud and the other attributable only in part to fraud, may be an insufficient deterrent to fraudulent behavior. Consequently, the committee has narrowed the scope of the fraud penalty so that it applies only to the portion of the underpayment attributable to fraud. The committee has concomitantly increased the level of the penalty. The committee believes that these modifications more appropriately target the fraud penalty to fraudulent behavior.

H. Rept. 99-426, 1986-3 C.B. (Vol. 2) 1, 834.

The Government is entitled to rough remedial justice according to somewhat imprecise formulas. <u>United States v. Halper</u>, <u>supra</u> at 446. We view section 6653(b) to be the same after the 1986 amendment as before, for purposes of applying the Double Jeopardy Clause.

Section 6653(b)(1)(A) and (B) is quite different from the Montana drug tax, the imposition of which the Supreme Court held violated the Double Jeopardy Clause. <u>Department of Revenue v. Kurth Ranch</u>, <u>supra</u> at 1948. The Montana drug tax in <u>Kurth Ranch</u> was punitive, unlike the additions to tax at issue here. In <u>Kurth Ranch</u>, Montana assessed almost $900,000 in taxes and penalties on illegally possessed marijuana and hash oil which had been confiscated from six individuals who pleaded guilty to possession or storage of dangerous drugs. <u>Id.</u> at 1942, 1946-1947. The tax equaled about 800 percent of the market value of the confiscated drugs. The tax applied only in cases in which the State had imposed a criminal penalty for possession of illegal drugs. <u>Id.</u> at 1947. The Montana drug tax is the equivalent of criminal punishment for purposes of the Double Jeopardy Clause. <u>Id.</u> at 1947.

We conclude that the imposition of the addition to tax for fraud under section 6653(b)(1)(A) and (B) does not violate petitioner's right not to be subject to double jeopardy for 1986.

c.  1987

Petitioner was convicted under section 7203 for failure to file an income tax return for 1987.  The elements of criminal failure to file under section 7203 are not the same as the elements of civil tax fraud under section 6653(b)(1)(A) and (B).  Blockburger v. United States, 284 U.S. at 304.  Thus, we conclude that the imposition of the addition to tax for fraud under section 6653(b)(1)(A) and (B) does not violate petitioner's right not to be subject to double jeopardy for 1987.

3.  Conclusion

We hold that the imposition of the addition to tax for fraud under section 6653(b)(1) and (2) for 1985 and section 6653(b)(1)(A) and (B) for 1986 and 1987 does not violate petitioner's right not to be subject to double jeopardy under the Fifth Amendment to the Constitution.

Decision will be entered

for respondent.