**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4066

JERRY L. MARTIN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4067

SADIE I. MARTIN,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-96-72)

Submitted: August 26, 1997

Decided: September 29, 1997

Before HALL and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Aubrey F. Hammond, Jr., Richmond, Virginia; Steven D. Goodwin, Richmond, Virginia, for Appellants. Helen F. Fahey, United States Attorney, John C. McDougal, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Jerry L. Martin and Sadie I. Martin of six counts of income tax evasion in violation of 26 U.S.C. § 7201 (1994), for the tax years 1985 to 1989 and 1991. The district court sentenced the Martins to eighteen months imprisonment and three years of supervised release. They noted a timely appeal and counsel for each filed a formal joint brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which they certified that there were no meritorious issues for appeal. Nonetheless, counsel presented two issues for our consideration: whether the district court erred in denying a motion for judgment of acquittal and whether the district court erred in finding that the Martins had engaged in obstruction of justice. The Martins filed a supplemental brief. For the following reasons, we affirm.

During all years material to this case, the Martins were husband and wife. Mr. Martin was employed as an independent insurance agent selling insurance policies for various insurance companies on a commission basis. The Martins filed income tax returns for the 1985 through 1990 tax years. They were audited for the years 1985 through 1987, and their tax liability for these years was determined by a consent order filed in the United States Tax Court by the Internal Revenue Service (the Service) and the Martins.

2

The Service commenced an additional audit for the 1988 and 1989 tax years. The Service determined the Martins' tax liability for these years and the Martins did not timely challenge this determination in the Tax Court. During this same period, the Martins' 1991 tax return came due and, after filing for two extensions, the Martins failed to file a return for that year and subsequent years. The Service determined the Martins' 1991 tax liability by considering all identifiable income and expense items traceable to them. The Martins do not object to the amount of taxes sought by the Service.

The evidence at trial demonstrated that after the Service issued a Notice of Tax Levy on the Martins for the unpaid taxes, they attempted to hide their income in a number of ways. They closed their bank account; Mr. Martin thereafter cashed all his insurance commissions at check-cashing establishments up to the date of sentencing. The Martins also transferred jointly owned property to their daughter. Additionally, the Martins directed that the proceeds from the sale of a rental property be divided into four checks; they passed at least some of the proceeds through the bank accounts of others, making tracing of these proceeds difficult. Finally, Mr. Martin asked his insurance companies to make his commission checks payable to a company that had no record of filing tax returns.

In their defense, the Martins asserted that they believed in good faith that they were not subject to the tax laws because, inter alia, the United States was not a legal entity, and the statutes at issue were not codified.

Defense counsel raise two issues on appeal. The first is whether the district court erred in denying the Martins' Fed. R. Crim. P. 29 motion for a judgment of acquittal. To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). The Government is entitled to all reasonable inferences from the facts established. Tresvant, 677 F.2d at 1021.

In order to demonstrate a violation of § 7201, the Government must prove willfulness, a substantial tax deficiency, and an affirmative act

3

constituting attempted tax evasion. United States v. Goodyear, 649 F.2d 226, 227-28 (4th Cir. 1981). The jury may infer a "willful attempt" from "any conduct having the likely effect of misleading or concealing." Id. at 228. "Willfulness" is the "voluntary, intentional violation of a known legal duty." Cheek v. United States, 498 U.S. 192, 201 (1991). A defendant can negate his awareness of a known legal duty by demonstrating that he believed that his conduct did not violate the law; this belief does not have to be objectively reasonable but it does have to have a good faith basis. Id .

The Government presented evidence that after the Martins received a notice of tax levy from the Service they closed their bank account, transferred property of substantial value to others, and took other steps to avoid detection of income. From this evidence a rational jury could conclude that the Martins' conduct was willful. Thus, this evidence is sufficient to support their convictions. We note that in convicting the Martins, the jury apparently did not credit their testimony that they had a good faith belief that the federal income tax laws did not apply to them. A jury's credibility determinations will not be disturbed on appeal. See United States v. Saunders , 886 F.2d 56 (4th Cir. 1989).

The remaining claim raised by counsel is that the district court erred in finding that the Martins had engaged in obstruction of justice. Although the presentence report recommended an enhancement of the Martins' base offense levels for obstruction of justice, the record reveals that the district court sustained the Martins' objection to this enhancement. Thus, this claim is baseless.

The Martins raise several additional claims in their supplemental brief. They contend that their misunderstanding of the tax laws, which assertedly negated their wilfulness, was justified because § 7201 was never codified for enactment into "positive law." In fact, § 7201 has been codified. See 26 U.S.C. § 7201 (1994).

They next allege that the Government used false information in the Service's "`Individual Master File'" to show a violation of 28 U.S.C. §§ 1291, 1294(1) (1994). These statutes delineate our jurisdiction; they do not proscribe criminal offenses. Moreover, the Martins have

4

not demonstrated that the Government relied on any false information to support their convictions.

The Martins also contend that the district court abused its discretion by denying their motion for discovery because the Government failed to disclose exculpatory material contained in the "Individual Master File." See Brady v. Maryland, 373 U.S. 83 (1963). However, the Martins failed to establish the existence of the alleged exculpatory evidence; they merely make a conclusory allegation that the file states that they owe no taxes.

Further, the Martins assert that they did not obstruct justice. As discussed above, the district court did not enhance their base offense levels for obstruction of justice. Finally, the Martins contend that they were sentenced in violation of the Ex Post Facto Clause because their convictions were based on conduct that occurred between 1985 and 1987, and yet they were assertedly not sentenced in accordance with the pre-guideline law in effect at that time. This claim is meritless because their criminal conduct continued well after November 1, 1987 when the Sentencing Guidelines became effective. See United States v. Meitinger, 901 F.2d 27, 28 (4th Cir. 1990).

Accordingly, we affirm the Martins' convictions and sentences. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If his clients request that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his clients.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

5